## FISHER v. DENNIS.

Where a promissory note was made, bearing monthly interest, but leaving the rate of interest in blank, if the rate of interest is filled in by the holder, he cannot, without some evidence of agreement, recover more than legal interest, though if he had passed the note, thus filled up, to an innocent purchaser, the maker would be liable.

The filling up the blank is not such an alteration of the note, as to vitiate it and prevent any recovery; it supplied an omission by fixing an optional rate of interest not binding on the maker without further proof, but does not avoid the right to recover the principal and legal interest.

APPEAL from the District Court of the Fifth Judicial District, County of San Joaquin.

This was an action against Hiram Dennis, on the following promissory note:

"$708 17.

"STOCKTON, January 22d, 1855.

"One day after date, we jointly and severally promise to pay Messrs. A. N. Fisher & Co., or order, the sum of seven hundred and eight dollars and seventeen cents, for value received, with interest monthly at the rate of five per cent. per month, until final payment.

"BENJAMIN G. WEIR,
"HIRAM DENNIS."

The action is brought by the payees of the note. The defendant plead *non est factum*. On the trial the defendant proved that when he signed the note the word "five" was not written in the note, the rate of interest being left in blank.

The Court below, at the request of the plaintiffs, gave the following instruction to the jury: "that if they believe from the evidence that the note sued on was signed and delivered just as it is now, save a blank where the word "five" is written for the amount of the interest, then it was an unlimited letter of credit, and the plaintiff was authorized to fill it up for an indefinite amount: unless the jury shall further believe, from the evidence, that the authority was in fact limited, and if they shall so believe, the note is invalid for the excess and good for the remainder." To which instruction defendant excepted.

The defendant then asked for the following instruction: "that if they believed from the evidence that at the time Dennis signed the note, no rate of interest was expressed therein, and that after it was signed and delivered to plaintiffs, it was filled up with the word "five," so as to draw interest at the rate of five per cent. per month; and that such alteration was made without the knowledge or consent of Dennis, the defendant, that such alteration vitiated the entire note, and the defendant was entitled to a verdict."

Which instruction was refused by the Court, the defendant excepting.

The jury found a verdict for plaintiffs for the amount of the note and interest at the rate of five per cent per month.

Motion for a new trial was made and overruled, and judgment entered for plaintiffs on the verdict.  Defendant appealed.

*D. W. Perley* for Appellant.

The appellant contends that this is a material alteration, and entirely vitiated the note.  It destroyed the identity of the instrument.

The plea of *non est factum* was made good.  There was no evidence showing or tending to show that Dennis had ever assented to any rate of interest being inserted in the note, and the only question which can arise is, was this a material alteration?  If it was, then the whole note is utterly null and void.  Chitty on Bills, 181, 182.

If the holder of a bill alter it in any material respect, he thereby not only vitiates the bill, but causes it to operate as a satisfaction of the original debt.  Chitty on Bills, 183; Farmer *v.* Rand, 14 Maine, 225; Humphreys *v.* Gullow, 13 N. Hamp., 385; Bank *v.* Penick, 5 Monroe, 25.

A promissory note, of which the date has been altered without the consent of the defendant, the endorser is thereby rendered void, though in the hands of an innocent endorsee.  Stephens *v.* Graham *et al.,* 7 Serg. & R., 505; Henderson *v.* Wilson, 6 How. Miss., 65.

The interlineation of the words, "or order," "or bearer," in a note, without authority, will vitiate it.  Scott *v.* Walker, Dud. Geo., 243; Johnson *v.* The Bank, 2 B. Mon., 310.

The holder of a bill has no right to make an alteration in it even to correct a mistake, unless to make the instrument conform to what all parties to it agreed or intended it should have been.  Hervey *v.* Hervey, 15 Maine, 357.

The attestation of a note not before witnessed, by a person who was not present at the signing, is a material alteration, and destroys its validity.  2 Fairfax, 114; 11 Mass., 309; 19 Maine, 461.

It is a proper question for the jury, whether the alteration was before or after the execution and delivery of the instrument and whether made with or without the assent of the adverse party.  1 Halsted, 215; 11 Conn., 531; 16 Serg. & R., 44.

There can be no doubt that the alteration of a note, which bears no interest, so as to make it draw interest at five per cent. a month, is a material alteration.

The only question which could arise was whether Dennis had ever consented to the alteration, and this question the Court refused to submit to the jury.

*Baine & Bouldin* for Respondents.

1. The instructions in this case, asked by the plaintiffs below, are in exact accordance with the law, as propounded in Johnson *v.* Blaisdell & Grubbs, 1 Smedes & Marshall's Rep., p. 20.  See also, 7 Cowen's Rep., 337; 5 Cranch Rep., 151; Story on Pro. Notes, § 10.

2. If justice has been done and another trial must result in the same way, a new trial will not be granted, even if there be a mistake in the directions of the judge. 2 Term Rep., p. 4; 5 Howard Miss. Rep., p. 502.

The opinion of the Court was delivered by Mr. Justice HEYDEN-FELDT. Mr. Chief Justice MURRAY concurred.

The form in which the note is written, manifests an agreement between the parties that it should run at some monthly rate of interest. If the note had passed into the hands of an innocent holder, there would be no doubt that he could recover the principal and interest as the note stands, because the makers, by leaving the rate of interest blank, placed it in the power of the payees to practice a deception, for which, as against third parties, the makers would have to suffer. But as the note remains in the hands of the payees, it will not do, without any evidence as to the agreement to pay interest, to allow them to fix the rate.

The filling up of the blank, however, is not an alteration of the note in legal sense so as to vitiate it, and prevent any recovery. Such an alteration refers to a change of something expressed, so as to defeat the intention of one of the contracting parties. Here there was no such thing, because, as I have said, the intention was manifest to pay some interest. The failure to express it by the makers was evidently an omission, and the supply of it by the holders at a rate optional with them, was no alteration, although it cannot be allowed to stand without proof of the consent of the makers. The plaintiffs must be allowed to recover their principal, with legal interest.

Judgment reversed and cause remanded.