## VISHER *v.* WEBSTER.

Where a note is given with the rate of interest in blank, and the holder inserts therein a sum for interest without the knowledge or consent of the maker, it does not become thereby void.

To fill a blank in a note is not an alteration thereof, within the meaning of the rule.

The declarations and acts of a vendor before sale, are competent testimony to show a fraudulent intent on his part, in a suit to impeach the sale on the ground of fraud.

The case of Landecker *v.* Houghtaling affirmed.

APPEAL from the District Court of the Fifth Judicial District, County of San Joaquin.

This was an action against the defendant Webster, as sheriff. of San Joaquin county, to recover damages for an alleged unlawful seizure of certain personal property, which the plaintiff claimed by purchase from one Hiram Dennis. The sheriff justified the taking by setting forth that the property attached belonged to Dennis, and that the sale to plaintiff was fraudulent and void, and that A. N. Fisher & Co., as the creditors of Dennis, had placed in his hands attachment process, by virtue of which he had levied upon the property. On the trial of the cause, defendant introduced in evidence a copy of the record in the attachment suit, and a note, as the basis of said suit, which read as follows :

$708 17.                              STOCKTON, January 22, 1855.

One day after date, we, jointly and severally, promise to pay Messrs. A. N. Fisher & Co., or order, the sum of seven hundred and eight 17-100 dollars, for value received, with interest monthly at the rate of five per centum per month, until final payment.

BENJAMIN G. WEIR,
HIRAM DENNIS.

The evidence showed that the note was delivered by the makers thereof, with the rate of interest in blank, and that while in the possession of the *holders,* the blank had been filled by the insertion of the word *"five."* Hiram Dennis having been called as a witness for plaintiff; on his cross-examination, counsel for defence asked him the following question, to which plaintiff objected, and the Court sustained the objection, under the exception of defendant:

"Did you not, about the latter part of February or March, 1855, state to Robert Weir that you had fixed your property so that your creditors could not get it?"

Defendant then called Robert Weir, and asked him if he had not had a conversation with Hiram Dennis, in which Dennis had stated that he had fixed his property so that his creditors could not get it? The Court refused to permit the witness to answer, and defendant excepted.

The Court, among others, gave the following instructions to the jury, under the exception of defendant's counsel:

"If the jury believe, from the evidence, that the note on which said judgment was obtained bore no rate of interest at the time it was signed by Dennis, and delivered to the holders, but that it was afterwards filled up with the word *'five,'* so as to make it draw interest at five per cent. per month, and that such alteration was made without the knowledge or consent of Dennis, that said alteration vitiated the note, and rendered it incompetent evidence, to show that Fisher & Co. were creditors of Dennis."

Judgment for plaintiff. Defendant appealed.

*Baine & Bouldin* for Appellant.

The exclusion of the testimony sought by the defence from Dennis, (on cross-examination,) and Robert Weir, as to the declarations made by Dennis in April, 1855, to the effect that he had fixed his (then) present crop, so that his creditors could not get it, was error.

The Court excluded this, on the ground that we must first bring home to Visher knowledge of the intent of Dennis.

Now, we say this was not the test, and so the law says. See 3 Cowen R., 304–6; 1 Paige R., 493–4; 2 Paige R., 59.

We say that a certain *status* of facts makes out the fraud in every case.

Again: the second instruction was granted in the teeth of the decision of this Court, in the case of A. N. Fisher & Co. *v.* Hiram Dennis.

And it may be that the verdict in this case was based alone on the idea that Fisher & Co. were not creditors of Dennis, which idea this instruction had a strong tendency to give them. It would give them no other.

Hence, for this reason alone there ought to be a new trial.

And this case of Fisher & Co. *v.* Dennis (in this Court) was a bold innovation, if not a flat overthrow of the whole commercial law. See Johnson, Use & Co. *v.* Blasdolt & Grubbs, 1 Smedes & Marshall's R., 21.

In addition to the current of authorities cited there, we refer the Court to 7 Cowen R., 337; 5 Cranch, 151; Story on Pro. Notes, § 10.

*D. W. Perley* for Respondent.

The second instruction, only, is seriously disputed by the appellant.

On this instruction I maintain two grounds :

1. That it was entirely immaterial to the case, and had no influence whatever in procuring the verdict.

2. That the instruction is legal and proper, and is supported by the authorities.

If the property in controversy clearly belonged to Visher, he had a right to recover damages, for taking it away, even supposing that Fisher's attachment against Dennis was valid, and it became immaterial whether the alteration of the note vitiated the note or not.

If the Court had refused to give this instruction, the verdict must have been the same, for Dennis had no shadow of title to the property.

Where no injury can result from an erroneous charge of the Court, a judgment will not be reversed for such error. Neddy *v.* The State, 8 Yerger, 249.

A judgment will not be reversed for an error in the charge given to the jury by the Court below, if it is manifest that the jury decided the case upon other grounds, and without taking into consideration that part of the charge. Fitch *v.* Peckham, 16 Vermont, 150.

A judgment will not be reversed for an error which does no injury to the party complaining. 8 Watts and Sergeant, 391; 7 Monroe, 407; 5 Watts and Sergeant, 188; 9 Gill and John., 439; 6 Yerger, 325; 13 Ohio, 131.

The instruction given in this case, was to the effect that if the jury believed the note had been altered without the knowledge or consent of Dennis, that it vitiated the note, and the doctrine is sustained by the whole current of authorities. Chitty on Bills, 181, 182.

A note drawing no interest, being altered so as to draw interest at five per cent. per month, is certainly altered in a material point, and this vitiates the note.

This is the clear doctrine of the common law, and no statute has altered the case in this respect.

BURNETT, J., delivered the opinion of the Court—MURRAY, C. J., concurring.

This was an action brought to recover damages against the defendant, sheriff of San Joaquin county, for wrongfully seizing the property of plaintiff, under an attachment, at the suit of A. N. Fisher & Co. v. Hiram Dennis. The property was claimed by the plaintiff, under a sale from Dennis, and the defendant set up fraud in the sale. Upon the trial, it was necessary for the defendant to prove that Fisher & Co. were creditors of Dennis; and to do this, he introduced a copy of the record in the attachment suit, and the note of Dennis, upon which that suit was founded. In reference to this note, the Court below gave this instruction : " If the jury believed, from the evidence, that the note, on which such judgment was obtained, bore no rate of interest at the time it was signed by Dennis, and delivered to the holders, but, that it was afterwards filled up with the word " five," so as to make it draw interest at the rate of five per cent. per month, and that such alteration was made without the knowledge or consent of Dennis, that said alteration vitiated the note, and rendered it incompetent evidence to show that Fisher & Co. were creditors of Dennis."

It was proved that, when the note was executed by Dennis, no rate of interest was specified, but a blank was left, in which the word "*five*" was afterwards inserted. The defendant excepted to the giving of this instruction, and this is one of the errors assigned.

The materiality of this instruction cannot be doubted, if there was any competent evidence tending to show the alleged sale fraudulent. However fraudulent the sale may have been, the defendant could not attack it, in any way, until he proved that the plaintffs, in the attachment suit, were creditors of Dennis. And if the note, upon which the attachment suit was predicated, was void, the defence, of course, must fail. There was certainly some testimony tending to impeach the sale, and this instruction took the consideration of the question of fraud entirely from the jury. The proof of filling up the blank was conclusive, and the jury, under this instruction, were compelled to find for the plaintiff.

That this instruction was erroneous, there would seem to be but little doubt. It was not an *alteration* of a note, within the meaning of the rule. To fill a *blank* in a note, is not an alteration of the note. This question was decided by this Court, in the case of A. N. Fisher & Co. v. Hiram Dennis, at the October Term, 1856. See, also, 1 Smedes & Marshall, 21 ; 7 Cowen, 337 ; Story P. N., § 110.

Another error assigned, is the refusal of the Court to permit the defendant to prove the declarations of Dennis, made before the sale. To impeach a sale, upon the ground of fraud, the fraud-

ulent intent of both the seller and the purchaser must be shown. The declarations, as well as the conduct of the seller, before the sale, are competent testimony to show this fraudulent intent on his part. This we have held in the late case of Landecker *v.* Houghtaling, decided at the last term of this Court.

For the purpose of proving a fraudulent intention, on the part of Dennis, the testimony offered was proper, and should have been admitted.

For these reasons, the judgment of the Court below is reversed, a new trial ordered, and the cause remanded for further proceedings.