ZELLER v. HARRIS.

---

BENJAMIN ZELLER, *Plaintiff in Error*, vs. D. WAYNE HARRIS, *Defendant in Error.*

A note payable to order, indorsed in blank, like a note payable to bearer, goes by delivery; and possession proves property in both cases.

The non-joinder of joint contractors or obligors, as parties defendant, must be taken advantage of, if at all, by plea in abatement.

*Cass County Circuit Court, January, 1870.*

This case comes up from Justice's Court on a writ of *certiorari*.

Harris, the plaintiff in the Court below, brought suit on an instrument of which the following is a copy:

"$58 50.                    SOUTH BEND, IND , *April* 2, 1868.

" Six months after date, for value received, we promise to pay to the order of S. H. Bell fifty-eight dollars and fifty cents ($58 50), without interest if paid when due; if not so paid, then with interest from date, waiving all benefit of valuation or appraisement laws, with five per cent. attorney's fees if collected by suit.

"BENJAMIN ZELLER,
"JOHN BARBER."

This paper is indorsed, "Steward H. Bell."

The summons was issued against Zeller alone. The plaintiff filed as his declaration the paper referred to. The defendant plead the general issue, and gave notice that on the trial of the cause he would give in evidence and show that the note was given for a mare warranted to be with foal; that she was not so with foal; and that by reason of the premises he, the defendant, had been greatly damaged.

On the trial of the cause the plaintiff gave in evidence the written obligation, and testified that he " bought the note before maturity, and paid the full amount of the same."

No evidence was given as to the indorsement by Steward H. Bell.

On the part of the defendant evidence was given tending to show a warranty and a breach of the same.

Upon this point the testimony was conflicting, and the Justice found, as a matter of fact, that the property was not warranted, and rendered judgment against the defendant Zeller for the full amount claimed.

The following are the grounds of error alleged:

" 1. Said Justice erred in rendering judgment in favor of said plaintiff because no evidence was offered tending to show who wrote the name 'Steward H. Bell' on the back of said note mentioned in plaintiff's declaration.

" 2. No evidence was offered to show that said note was ever assigned to the plaintiff.

" 3. No evidence was offered tending to show that the payee of said note ever legally ordered the same to be paid to the plaintiff.

"4. The judgment was against one defendant only, the note being a joint note.

"5.. John Barber, the joint maker of said note, was not mentioned in the judgment."

*E. Bacon*, attorney for plaintiff in error, cited *Smith vs. Chester*, 1 *T. R.*, 654; *Chitty on Bills*, 252, 628; *C. L*, §§ 3767, 3714, 3812, 4502, 4506, 3656; *Sess. L.* 1863, *p.* 102.

*C. M. Alward* attorney for defendant in error, cited *C. L.*, §§ 3714, 3767; 8 *Mich.*, 132; 5 *Mich.*, 26; 1 *Parsons on Contracts*, 242; *Chitty on Bills*, 8 *Lond. Ed.*, 252; 1 *Wen.*, 164; 32 *Barb.*, 551; 40 *Barb.*, 94; 44 *Barb.*, 456; 1 *Chitty Pl.*, (*Ed.* 1837,) 47.

*By the Court*, BROWN, J.—I have some doubt whether the instrument declared upon is a promissory note, and were it not for the decision in the case of *Smith et al. vs. Kendall* 9 *Mich.*, 241, I should be of the opinion that it was not. I do not, however, think it necessary to declare what the instrument is for the purposes before us. If it is not a promissory note, then there is no force whatever in the first allegation of error.

The paper declared upon, whatever it may be, is payable to order, and is indorsed by the payee in blank. In the case of *Peacock vs. Rhodes*. 2 *Doug.* (*Eng.*), 633, Lord Mansfield said: "I see no difference between a note indorsed in blank and one payable to bearer. They both go by delivery, and possession proves property in both cases." See 1 *Burr*, 452; 3 *Burr*, 1516; and cases cited in *note " M*," 1 *Parsons on Contracts*, 5th *Ed.*, 242.

While some Courts have held the necessity of proving the signature of the indorser, I think the decided weight of authorities is the other way. Possession, then, must be taken as *prima facie* evidence of ownership for a valuable consideration. This view of the case disposes of the first, second, and third alleged grounds of error.

The fourth and fifth allegations of error raise the question whether judgment could be properly rendered against one only of two joint debtors.

An interesting case is cited in 1 *Saunders R.*, 291, note 2. The case was this: "Debt against J. N. on bond. It appeared

on oyer that there were two other obligors, whereupon defendant prayed judgment of the writ because the bond was joint and the others were not named; *et non allocatur.* The defendant then pleaded that it appeared by the bond *that the other two are bound* who are not named. Judgment of the writ, *et non allocatur;* for it is not the *form of pleading,* but defendant should aver that the other two executed the bond who are in full life not named. Judgment of the writ." And of such opinion was the whole Court.

It is true the rule laid down in the books is that the plaintiff must join as defendants all the parties who are joint obligors or contractors; and it has been held that where, in an action against one joint obligor, it appears on the face of the declaration or other pleading of the plaintiff who the other joint obligors are, and that such other joint obligors *are still living,* the Court will arrest the judgment; because the plaintiff himself shows that another ought to be joined, and it would be absurd to compel the defendant to plead facts which are already admitted.

My examination of the authorities has been somewhat hasty, and I have found no case where a judgment has been arrested on the ground of non-joinder unless the plaintiff's pleadings showed that some other person should have been joined, and that *such person was still living,* or unless the defendant had interposed a plea in abatement. But it may be said that the note or instrument in question is unlike most of the undertakings upon which decisions have been made upon this point in this, that the one under consideration is a joint undertaking, and not *joint and several.*

Does proof of a promise in the words "we promise to pay" support and prove a promise by *one joint promisor alone?*

In the case of *Rice vs. Shute,* 5 *Burr,* 2611, Lord Mansfield is quoted as saying: "All contracts with partners are joint and several; every partner is liable to pay the whole. In what proportion the others should contribute is a matter merely among themselves." And in the case of *Tooker vs. Bennet & Brower,* 3 *Caine's R.,* 4, Livingston, J., says: "A joint debt is the debt of each as well as of all the partners." In the case of *Rice vs.*

ZELLER v. HARRIS.

*Shute* the question was whether, if one of two partners was sued alone, he could, on the trial, nonsuit the plaintiff by showing that there was another person who ought to have been joined as defendant; and it was held that advantage of the non-joinder could be taken only by plea in abatement.

Although Lord Mansfield has often been quoted as authority that the words " we promise to pay" mean " we promise jointly and *severally* to pay," Spencer, Ch. J., in the case of *Robertson vs Smith*, 18 *Johnson*, 459, says: "It would be straining Lord Mansfield's opinion unreasonably to say he meant, technically, that all contracts with partners were *joint* and *several*, for then the non-joinder of any of the partners never could be pleaded in abatement, which all the Court expressly decided." Judge Cady, in his brief in the case in 18 *Johnson*, in commenting on the language of Lord Mansfield, says: "When, therefore, he says all contracts with partners are joint and several, he means no more than that if one party were sued, and did not plead the non-joinder of his copartner in abatement, the contract should be considered so far several that he should not, on the trial, be permitted to show that the contract was joint in order to defeat the plaintiff's action."

Though, technically, the promise in the instrument upon which suit was brought in this case is not several, yet, as the two persons whose names are subscribed to it are to do but one thing, when that is done—when the obligation is paid—though but by one, the other is discharged from further liability to the holder of the paper. Each, before the rendering of the judgment, in this case, was bound for the full payment; and this is the meaning and scope of their promise.

In this case the paper writing showed the subsisting indebtedness of both Zeller and Barber. Zeller, by his pleading, put in issue his alleged promise; and though it appears that another promised with him, as he (Zeller) did not elect to avail himself of the benefit of a plea in abatement, he is estopped from further questioning his liability. The judgment against him is a bar to any proceedings by the defendant in error against Barber, for, as to him, he has suspended his remedy by changing the indebtedness against both to a debt of record against Zeller.

With this view of the case, it becomes unnecessary to ex-
amine the statutes referred to by counsel on the argument. I
do not conceive that they have any bearing on the question
before us.

The judgment of the Court below must be affirmed.