JULIUS LEONARD ADM'R v. JOHN W. PHILLIPS AND LEVI
L. PHILLIPS.

*Alteration of interest clause.*

The addition of the word "annually" to the interest clause of a
note made payable in less than two years, is not a material
alteration, and does not change the liability.   It only shows
that the interest is to be earned at the stipulated rate by the
year and does not require an instalment of it to be paid at the
end of a year from the date of the note.

Case made from Kent.  Submitted June 14.  Decided
June 21.

ASSUMPSIT by the administrator of Isaac Leonard's
estate upon two promissory notes signed by defendants.
One was dated January 10, 1869, and was for $500,
"with interest at the rate of ten per cent annually"
payable on or before Oct. 15, 1870; the other was dated
Jan. 2, 1869, and was for $200 with interest at the rate
of ten per cent per annum payable three months after
date.    The $500 note was found void as to one of
defendants, John W. Phillips, who signed it as surety
before it was altered, and aside from costs judgment
was rendered against Levi L. Phillips alone on that
note for $912.97 and against both defendants, on the
other note, for $242.94.

*G. Chase Godwin* for plaintiff.

*Blair, Eggleston, Kingsley & Kleinhans* for defendants.

MARSTON, J.    The important question in this case
relates to an alleged material alteration of a promissory
note given January 10th, 1869, payable on or before the
15th day of October, 1870, with interest at the rate of
ten per cent by adding thereto the word "annually."

Even if this word was added as claimed, it was not,
we think, a material alteration.  If with this word added,

we give it a literal construction as claimed, and say that at the expiration of the first year interest thereon would be due and payable, interest for the remaining portion of the time for which the note was to run before becoming due, would -not be payable until the expiration of the second year, so that the second instalment of interest would not become due at the time the principal did, but some months thereafter. So the note being payable on or before Oct. 15th, had it been paid within the first year, the accrued interest could not have been collected until one year from the time the note was given. Such, we think, is not the proper construction to be given it, and could not have been so intended by the party who added this word to the note. The proper construction to give the note as thus changed is as though it had been made to read ten per cent. per annum, and when so construed the alteration added nothing to the extent of the makers' liability, nor did it change their liability in any way.

Had the note been made payable two or more years after date perhaps a different rule would apply, but upon such a question we express no opinion.

The judgment below must be reversed and a judgment rendered in this court upon the finding of the circuit court, for the sum of $1175.07 with costs of both courts.

GRAVES, J., and CAMPBELL, C. J., concurred.

COOLEY, J (concurring). When commercial paper is payable with annual interest, the expression means with interest payable at the end of each year. If the paper is to mature in less than two years, the expression is a very unsuitable one to apply, and as has been shown by my brother Marston, if construed strictly, the interest for the fraction of the second year would not be payable when the principal was payable, but at the end of the year. I am inclined to think that in a note to run less

than two years the words specifying the rate of interest to be paid annually must be understood as naming only the rate to be paid for the yearly period, and not as requiring an instalment to be paid when the first year was completed. If so, the supposed alteration of the note in suit did not at all affect its legal meaning, and might have been innocently added to show that the ten per centum interest was to be earned yearly, and was not all that was to be paid for the whole period the note was to run.

CAMPBELL, C. J. concurred.

GRAVES, J. (concurring). I agree with my brother Marston in the result, but I wish to add a word or two. It appears from the case that the other note in suit, which was also made by defendants to plaintiff's intestate, and at about the same time as that in question, was so framed as to provide in terms that the interest should not only be ten per cent., but at that rate per annum. Hence that instrument was shaped so as to contain a literal statement that the rate was by the year and not by a different period.

The contested note as first written lacked this literal certainty, and notwithstanding the unimportance of the circumstance upon the legal effect of the paper, it seems to me the fact that the parties had so recently and in a like transaction, taken the precaution to put in an equivalent expression to denote that the rate of interest mentioned was by the year—not to signify the time for paying interest,—is one which helps to show that the word "annually" was added in the second note for the same purpose, and not to prescribe yearly payments. If so, it concurs with the operation of the rule that when a paper is open to a construction implying wrong and also to one which does not, the latter should be adopted unless the surrounding facts against it are strong enough to prevent. Here such surrounding facts are not found.