THE FIRST NATIONAL BANK OF PORT HURON V. JANE
                              CARSON.

*Promissory note—Condition rendering time of payment uncertain, destroys
    negotiability—But an assignee may recover to same extent as assignor
    could—Interest—If agreed to be paid, and no rate fixed, seven per
    cent.[1] is collectible—Insertion of "7" in blank left for rate per
    cent. not material—Assignee of claim for which note is given
        may recover, if note held invalid, on original claim.*

1. An agreement for the payment of a sum certain, at a specified date,
   coupled with a condition that the sale or removal of the property
   for a part of the purchase price of which it was given shall cause
   the debt to at *once* mature, is not a negotiable promissory note.

2. A non-negotiable promissory note, if valid, may be proved as a con-
   tract; and if duly assigned, the assignee may recover in a suit there-
   on to the same extent that his assignor could, but no further.

3. By the terms of a non-negotiable promissory note, interest was made
   payable *without* specifying the rate per cent., and after its delivery
   the figure "7" was inserted in the space left for that purpose in the
   printed blank on which the note was drawn.
      *Held*, in a suit on such note, that the alteration was immaterial,
   neither increasing nor reducing the rate per cent. called for in the
   note as originally drawn, and *did* not affect the validity of the con-
   tract.

4. Where the holder of a non-negotiable promissory note obtains an
   assignment of the claim for which the note was given, and in a *suit*
   against the payor declares on the note, and on the common counts
   for the assigned claim, proof of a *material* alteration in said note
   will not prevent a recovery on the *original* claim.

   Error to St. Clair.  (Stevens, J.)  Argued February 18,.
1886.  Decided April 8, 1886.

   Assumpsit.  Defendant brings error.  Affirmed.  The facts
are stated in the opinion and head notes.

------

[1]NOTE.—By act 138, Session Laws of 1887, the legal rate of interest in
Michigan, in the absence of an agreement in writing for a higher rate, is
*six* per cent.—REPORTER.

*George P. Voorheis,* for appellant:

The notes sued upon are not negotiable instruments: *Lamb v. Story,* 45 Mich. 490; *Cayuga County National Bank of Auburn v. Purdy,* 56 Id. 6. The plaintiff cannot abandon the notes and sue upon the original purchase price, because,

  1. It does not insist upon such recovery.

  2. It bought the notes as a marketable article and nothing else, and cannot bolster them up by taking an assignment of the original purchase price claim.

  3. It stands in the shoes of the payees, and cannot be permitted to profit by their fraud. The notes having been altered by making them draw interest before maturity, such alteration was material, and prevents a recovery by plaintiff: *Wait v. Pomeroy,* 20 Mich. 425; *Holmes v. Trumper,* 22 Id. 427; *Swift v. Barber,* 28 Id. 503; *Bradley v. Mann,* 37 Id. 1; *Davis v. Henry,* 14 N. W. R. 523; *Lewis v. Schenck,* 18 N. J. Eq. 459; 2 Parsons N. & B. 571; Wait's Ac. & D. Vol. 6, p. 485; *Meyer v. Huneke,* 55 N. Y. 412; *Shepard v. Cross,* 33 Mich. 96.

  4. It has never offered to return the notes: *Kennedy v. Crandell,* 3 Lans. N. Y. 1; *Smith v. Mace,* 44 N. H. 553.

*E. G. Stevenson,* for plaintiff:

How. Stat. sec. 1594, prescribes seven per cent. as the legal rate of interest where parties fail to fix a different rate in writing: *Eaton v. Truesdail,* 40 Mich. 8. The notes sued on provide for interest without specifying the rate; hence, if the figure " 7 " had not been inserted, the rate per cent. would have been the same; therefore there was no material alteration: *Goodenow v. Curtis,* 33 Mich. 508; *Vogle v. Ripper,* 34 Ill. 100; *Elliott v. Blair,* 47 Id. 342.

SHERWOOD, J. This case originated in justice's court, where a trial was had without a jury, and a judgment was rendered in favor of the plaintiff for $200, besides costs.

The defendant took an appeal to the circuit court for the county of St. Clair, where the cause was again tried before the court without a jury, and the plaintiff recovered a judgment against the defendant for $234 damages, with its costs to be taxed, and the defendant now brings error. The facts were found by the circuit judge, and are substantially as follows, viz:

1. The plaintiff is a duly-organized national bank, doing business in the city of Port Huron.

2. That L. & N. Phenix, in 1883, were a firm engaged in the sale of agricultural implements and musical instruments.

3. That on the twentieth day of October, 1883, said firm sold to the defendant a Weber piano, for the sum of $465, to be paid, $65 in cash, and the $400 in four notes of $100 each, and to become due in three, six, nine, and twelve months from date, respectively. The notes were all alike, except as to date of payment. The following is a copy of the second note:

"$100.          SANILAC, Mich., October 26, 1883.

"On or before the twentieth day of April, 1884, for value received in one Weber piano, No. 2,148, I promise to pay to the order of L. & N. Phenix, at the First National Bank, Port Huron, one hundred dollars, with interest at the rate of 7 per cent. per annum, payable annually until maturity; and if not then paid, at the rate of 8 per cent. per annum, payable annually from date.

"It is expressly understood, and I hereby agree, that the above-mentioned piano shall remain the property of L. & N. Phenix until fully paid for; and that they or their authorized agent or attorney may take possession of the same at any time; and for that purpose may enter upon whatever premises it may be on at any time thereafter, sell at public or private sale, and apply the proceeds, after deducting all their expenses in taking possession of and selling the same, towards the payment of this note.

"1 further agree that in case of any removal from the county of Sanilac, or the sale or removal of the above-mentioned property, then this note shall become due.

"*Sanilac County, Mich.*          JANE CARSON."

Indorsed on the note is—

"For value received we guaranty the payment of the within at maturity.          L. & N. PHENIX."

"*Dated October 29, 1883.*

4. That the notes when made and delivered to the said L. & N. Phenix did not have the blank space after the words "the rate of" and before the words "per cent." filled with anything, and that the figure "7" was inserted therein after the making and delivery of the notes, by some third person.

5. That said L. & N. Phenix, in the usual course of business, discounted the four notes, before any of them became due, to the plaintiff, and received of the plaintiff their full

face value, without notice of any change in them in any particular, and that there was no indication upon their face of any such change having been made.

6. That the defendant paid the first note when due, without seeing the notes; but on being notified that the notes drew interest at 7 per cent. from date, paid the accumulated interest thereon, but claimed the notes did not draw interest when made and executed.

7. That when the other notes became due she refused to pay them because they had been altered in the respect stated; that the defendant has never paid anything on the last three notes, or for the piano; and that the plaintiff has never offered to surrender the notes to the defendant.

8. That before the commencement of this suit the Phenixes, without any further consideration, made and executed the following assignment to the plaintiff, viz.:

"For value received, we hereby sell, assign, transfer, and set over unto the First National Bank of Port Huron all our right and cause of action against Jane Carson, of Carsonville, Sanilac county, for the purchase price of one Weber piano, sold her on or about October 26, 1883, the purchase price of which was four hundred and fifty dollars,—$100 and interest payable in three months after October 26, 1883; $100 and interest payable in six months after October 26, 1883; $100 and interest payable in nine months after October 26, 1883; and $100 and interest payable in twelve months after October 26, 1883.

"And we do hereby authorize the said First National Bank of the city of Port Huron to demand, recover, and collect of said Jane Carson the price of said piano as agreed to be paid, and to bring any action or actions that may be necessary to collect the same, in our name or otherwise, at its own costs and expense.

"We also hereby assign and transfer to said bank the four notes given by Jane Carson for said purchase price, dated October 26, 1883, and all our right, title, or claim to the piano aforesaid."

[Signed by the payees in notes.]

"Dated July, 1884."

It is further found that no further agreement was entered into between the parties; and that by the stipulation the note should be received for no other purpose than is stated therein; and that the payees named in the note have not

been in Port Huron since February, 1884, they having left the city.

The foregoing facts and findings by the court were all stipulated in, and constitute all the testimony offered, except that the notes were submitted to the court for inspection. Upon these findings the circuit judge says that,

" The court concludes from the facts so agreed upon, and from an inspection of the notes therein referred to and filed in the cause, that the insertion of the figure ' 7 ' in the interest clause contained in the body of said notes, although admitted to have been done after said notes had been made and delivered by said defendant to the payee therein named, was not such a material alteration as to render said notes void in the hands of the plaintiff, and that, therefore, the said defendant did undertake and promise in manner and form as the plaintiff hath in its declaration complained against her."

The exception to this conclusion of law raises the only question presented in the case.

The declaration in the case was a verbal one, put in before the justice, and contained the common counts in assumpsit ; also a count upon the second and third notes, and still another for the purchase price of the piano; also averring an assignment of the purchase price to the plaintiff. Defendants contest the right of the plaintiff to recover because,

1. The notes are not negotiable, and no recovery can be had under the common counts.

2. There is no proper indorsement of the notes to the plaintiff sufficient to enable it to maintain an action thereon.

3. The notes have been materially changed since they were made and executed, and are therefore void.

4. The plaintiff cannot abandon the notes and sue for the purchase price.

The first question presented of importance is as to the true character of the instrument sued upon.

I do not think the contract is a negotiable promissory note. A promissory note must be certain as to the sum to be paid, and the time of payment. In this case the sum is sufficiently certain, but the time of payment is not. It is made dependent, until the contract matures, upon the fact of whether the

defendant shall sell or remove the property for which the contract was made. Such a degree of uncertainty is not allowable in a promissory note: Story Bills & Notes, § 20; Bailey Bills, 1; *Fralick v. Norton*, 2 Mich. 130; *Beardslee v. Horton*, 3 Mich. 560–6; *Smith v. Kendall*, 9 Mich. 243; *Cayuga Co. Nat. Bank v. Purdy*, 22 N. W. Rep. 93. The instruments, however, not being notes, may, if valid, be proved as contracts, and, if duly assigned, plaintiff may recover thereon, though under these circumstances the plaintiff can claim nothing that the payees in the instrument could not, the title so transferred being only an equitable one.

The next question of importance is, what was the effect of the alleged alteration of the notes by inserting the figure "7?" It does not appear from the record that it was inserted by either of the parties to the instrument, or by the plaintiff; but there seems to be no question but that the figure "7" was inserted after the note was made and delivered.

Was the alteration a material one? because if it was not, under the circumstances appearing in the findings, it could not affect the validity of the contract as between the parties to this suit: 2 Pars. Cont. (2d ed.) 223–231, and cases cited; *Goodenow v. Curtis*, 33 Mich. 508; *Vogle v. Ripper*, 34 Ill. 100; *Elliott v. Blair*, 47 Ill. 342.

The filling the blanks in the notes with the figure "7" in no way affected the legal meaning or construction of the instruments. It neither increased nor lessened the amount the contracts were for the payment of. The notes drew interest by their terms at 7 per cent. before the change was made. The legal effect of the notes was the same before as after the change, and their payment cannot, therefore, be avoided by reason of the alteration claimed; it was an immaterial one: *Fisher v. Dennis*, 6 Cal. 577; *Visher v. Webster*, 8 Cal. 109; *Holmes v. Trumper*, 22 Mich. 429.

As to the point made that the indorsement is insufficient to transfer the notes to the plaintiff, we need not now determine that question. It seems very clear, however, that the assignment made, not only of these notes, but of the claim upon which they were founded, to the plaintiff, was entirely

sufficient to enable the plaintiff to maintain this suit; and the declaration, though informal, under the liberal rule of construction adopted in the courts where it originated, was all that was needed to cover the plaintiff's case, so long as it was not demurred to: *Hartford v. Holmes*, 3 Mich. 460.

The findings upon the facts were sufficient to support the judgment, even though there had been a material alteration of the notes, the plaintiff having obtained a transfer to it of the claim for which the notes were given.

In no view that I have been able to take can I discover how the defense made in the case can be sustained, and the judgment must be affirmed.

The other Justices concurred.