WILLIAM K. PRUDDEN v. TIMOTHY NESTER.

*Contract—Alteration—Construction.*

1. An alteration which does not change the effect of a written contract is immaterial, and will not preclude a recovery in a suit upon the contract; citing *Miller v. Finley,* 26 Mich. 249; *Goodenow v. Curtis,* 33 Id. 505; *Gano v. Heath,* 36 Id. 441; *Leonard v. Phillips,* 39 Id. 182; *Bank v. Carson,* 60 Id. 432; *Weaver v. Bromley,* 65 Id. 213.

2. Contemporaneous with the assignment of a contract upon which the assignor claimed there was due to him $5,000, he executed to the assignee a writing to the effect that he anticipated that the debt would be at once paid on the happening of a specified event, and, in case of its non-payment, he could, and if called upon by the assignee would, show good cause for the payment of said debt, but that he did not guarantee that it would be paid. And it is held that the non-guaranty clause did not relieve the assignor from any obligation deducible from the writing, and that its removal was therefore an immaterial alteration.

3. The agreement is not void for uncertainty, a fair construction thereof being that, if called upon, the assignor will show the

debt to be a valid and subsisting legal obligation against the debtor.

Error to Wayne. (Brevoort, J.) Argued October 4, 1894. Decided January 8, 1895.

*Assumpsit.* Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Edwin F. Conely* and *Orla B. Taylor,* for appellant.

*John Atkinson* and *T. E. Tarsney,* for defendant.

HOOKER, J. Fay and Nester made a written agreement whereby the latter was given the right to cut certain timber on the lands of the former. On December 19, 1882, Nester assigned his interest in this agreement to Turner, who promised to pay to Nester one-third of the profits, and out of Turner's share of the profits he was to pay Nester the sum of $5,000. On August 11, 1883, Nester sold and assigned his interest in the Turner agreement to Prudden, the plaintiff, for the sum of $6,000, representing that the $5,000, which was to be paid by Turner, was a debt due him from Turner, and not dependent upon the profits derived from the contract mentioned. Turner denied this liability, and defeated Prudden in an action brought by the latter upon this claim. Thereupon Prudden brought an action against Nester, but was defeated, a verdict being directed for the defendant. Plaintiff appealed.

To understand the case it becomes necessary to refer to the agreement which Nester gave to the plaintiff. As set forth in the declaration, it reads as follows:

"LANSING, MICH., August 11, 1883.

"This *memoranda* witnesseth: That whereas, on the 19th day of December, 1882, Mr. James M. Turner, of Lansing, Mich., was justly indebted to me to the amount of $5,000, but as an accommodation to said Turner I agreed to wait until a sale of a tract of pine timber,

known as the 'McGraw Tract.' My interest in said tract and the indebtedness of said Turner to me are both mentioned in a certain agreement from said Turner to me, dated December 19, 1882. The $5,000 due me from said Turner is mentioned in said agreement in the following terms:

"And I [the said James M. Turner] am to further pay, out of my share of said profits, to Timothy Nester, the sum of $5,000.'

"The payment, however, of the said $5,000, was not dependent upon the amount of said Turner's profits. I anticipate that the $5,000 will be at once paid over to me, or my assigns, on sale of pine timber mentioned; but, should it not, I can and will, should I be called on to protect said payment, show good cause for its payment. I do not, however, guarantee its payment.

"Timothy Nester."

The action was based upon the claim that although notified of the approaching trial between the plaintiff and Turner, and requested by the plaintiff to be present, and establish the $5,000 claim against Turner, defendant, Nester, neglected to appear, or in any other way aid plaintiff is establishing such demand.

Upon the trial, plaintiff produced a writing, signed by the defendant, which writing was in all respects like the one declared upon, except that it lacked the words, "I do not, however, guarantee its payment." The plaintiff testified that these words were a part of the paper produced, but that he had cut them from it before showing the writing to Turner, because he did not want him to know that Nester had refused to guarantee the debt. The paper showed the removal by cutting off a part of the ruled line preceding the signature of Nester. He further testified that the defendant had a duplicate of the agreement. The defendant testified that more than the words mentioned were cut from the contract, but said that he did not know what the rest was. He said: "There was enough there to satisfy me and him at the time that there was no obligation on my part." It was contended by coun-

sel for the defendant that this was such an alteration as to render the contract void. It is well settled that, where the alteration is not such as to change the effect of the instrument, it is an immaterial alteration, and does not preclude recovery. *Miller v. Finley*, 26 Mich. 249; *Gano v. Heath*, 36 Id. 441; *Leonard v. Phillips*, 39 Id. 182; *Goodenow v. Curtis*, 33 Id. 505; *Weaver v. Bromley*, 65 Id. 213; *First National Bank v. Carson*, 60 Id. 432. The language, "I do not, however, guarantee its payment," which was the portion admitted to have been removed, did not relieve the defendant from any obligation deducible from the writing, as he nowhere undertakes to guarantee payment, but only to "show good cause for its payment." It was, therefore, an immaterial alteration.

The further claim is made that the writing is void for uncertainty. We think that a fair construction of the agreement is that, if called upon, the defendant would show the $5,000 debt to be a valid and subsisting legal obligation against Mr. Turner.

The case should have gone to the jury.

The judgment will be reversed, and a new trial ordered.

LONG, GRANT, and MONTGOMERY, JJ., concurred. McGRATH, C. J., did not sit.