ANDERSON *v.* DONATO.

1. ALTERATION OF INSTRUMENTS—MATERIAL CHANGE BARS ACTION. Any material alteration of a contract after its execution without the consent of the complaining party bars an action on it against the party not consenting to the change.

2. SAME—SUBSTITUTION OF ASSIGNEE'S NAME FOR THAT OF VENDOR NOT MATERIAL CHANGE.
   Where the vendor in a land contract conveyed the premises by warranty deed to a third party, subject to the contract rights of the vendee, the substitution of the grantee's name in the contract for that of the grantor without the knowledge and consent of the vendee in no way affected the latter's rights, and therefore was not a material alteration.

3. VENDOR AND PURCHASER—CONVEYANCE BY VENDOR OPERATES AS ASSIGNMENT OF CONTRACT RIGHTS.
   Where the vendor in a land contract conveyed the premises by warranty deed to a third party subject to the contract rights of the vendee, said deed operated as an assignment of all of the vendor's rights in said contract.

4. SAME — FORFEITURE—NOTICE BY ASSIGNEE SUFFICIENT—EJECT-MENT.
   Where the vendee in a land contract was in default and notice of forfeiture was served on him by the vendor's grantee of the premises conveyed, the fact that said grantee erased the grantor's name in the contract and substituted his own without the knowledge or consent of the vendee, instead of taking an assignment of the con-tract, was no defense in ejectment, since the vendee's rights were in no way affected thereby.

Error to Muskegon; Vanderwerp (John), J.   Submitted April 20, 1923.   (Docket No. 97.)   Decided June 4, 1923.   Rehearing denied October 1, 1923.

Ejectment by Iver Anderson and another against

The question of the effect of alteration of deed after delivery is discussed in notes in 32 L. R. A. (N. S.) 284; L. R. A. 1917E, 315; L. R. A. 1918B, 489.

Frank Donato and another. Judgment for defendants on a directed verdict. Plaintiffs bring error. Reversed.

*Alex. Sutherland,* for appellants.

*F. E. Wetmore,* for appellees.

MCDONALD, J. Plaintiffs bring this action in ejectment to recover certain land occupied by defendants in the city of Muskegon. The property was originally owned by one Martin Moon, who sold it on contract to Frank Donato, the defendant herein. Subsequently Moon conveyed his title by warranty deed to John Mason. Instead of making a formal assignment of the Donato contract, Moon's name was erased and Mason's inserted in its place. This seems to have been done without the knowledge or consent of Donato. Afterwards Mason sold by land contract to the plaintiffs subject to the contract with Donato. For a time the defendants made payments to the plaintiffs, but are now in default. During their occupancy of the premises and while they were in default a fire occurred and they surrendered possession. The plaintiffs repaired the building and when it was about ready for occupancy defendants without permission moved in. Before the commencement of this suit notice of forfeiture was served on Donato. Possession was refused and suit followed. At the conclusion of the proofs, on motion, the circuit judge directed a verdict for the defendants for the reason that there had been a material alteration of the contract between Martin Moon and Frank Donato after its execution and delivery, and that the notice of forfeiture was not sufficient to terminate defendants' rights in the contract because it referred only to a contract with Mason, and defendants had no such

contract.    The plaintiffs have brought the case here for review on writ of error.

The principal question involved is whether there was a material change in the contract after it was executed and delivered.    Mr. Mason admits having altered it by substituting his name in place of that of Martin Moon.    Was the alteration material?    Any material alteration of a contract after its execution without the consent of the complaining party bars an action on that contract against the party not consenting to the change.

"Any change in the personality, number or relations of the parties to an instrument which gives the instrument a different legal effect is material."    2 C. J. p. 1214.

"A specific change may be a material alteration in one contract and an immaterial alteration in another. * * * It is only by determining the legal effect of the instrument before the alteration and after the alteration that it is possible to decide whether the change is material or not."    5 Page on Contracts (2d Ed.), § 3093.

"Any change in words or form merely, even if made by an interested party, which leaves the legal effect and identity of the instrument unimpaired and unaltered, which in no manner affects the rights, duties or obligations of the parties, and which leaves the meaning of the instrument as it originally stood, is not material and will not invalidate the instrument or discharge the parties from liability thereunder."    2 C. J. p. 1190; citing *Ensign* v. *Fogg,* 177 Mich. 317; *Prudden* v. *Nester,* 103 Mich. 540; *White Sewing Machine Co.* v. *Dakin,* 86 Mich. 581 (13 L. R. A. 313); *Weaver* v. *Bromley,* 65 Mich. 212; *First Nat. Bank* v. *Carson,* 60 Mich. 432; *Leonard* v. *Phillips,* 39 Mich. 182 (33 Am. Rep. 370); *Gano* v. *Heath,* 36 Mich. 441; *Goodenow* v. *Curtis,* 33 Mich. 505; *Miller* v. *Finley,* 26 Mich. 249 (12 Am. Rep. 306).

In the instant case the change in names gave Mr. Mason no greater rights than he had before the

change was made.    The warranty deed which he received from Mr. Moon operated as an assignment of the contract and entitled him to all of Moon's rights thereunder.    It in no way affected Donato.    His rights, duties and liabilities were the same after the alteration as they were before.    The contract was one which could be assigned without his consent. Substituting Mason's name in no manner changed the legal effect of the instrument.    It was not a material alteration and therefore did not invalidate the contract.    As was said in *Goodenow* v. *Curtis*, 33 Mich. 509, "the change was in law no change."

Inasmuch as Mason's rights under the contract were not lost by the alteration and the plaintiffs succeeded to these rights, the claim of the defendants that there was no notice of forfeiture of any contract made by him is without merit.

In view of this disposition of the case it is not necessary that we should discuss the claim of tender made by the defendants.    We have considered that question, however, and are of the opinion that the plaintiffs have not estopped themselves from questioning the sufficiency of the amount tendered.

In this case the plaintiffs have shown their right to possession of the property in question by a warranty deed from Martin Moon to John Mason, and by a contract between John Mason and wife and the plaintiffs. The defendants claim possession by virtue of their contract with Martin Moon.    They are in default and their rights in the contract have been terminated by proper notice of forfeiture.    As the record now stands the plaintiffs are entitled to a judgment.    The court was in error in directing a verdict against them.

The judgment will be reversed and a new trial granted, with costs to the plaintiffs.

FELLOWS, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred.    WIEST, C. J., and BIRD, J., did not sit.