THIRD NATIONAL BANK OF SYRACUSE, NEW YORK, *vs.* DANIEL ARMSTRONG.

March 13, 1879.

*Promissory* Note—Certainty requisite.—It is essential to the validity of a promissory note, that the promise it contains should be an absolute and unconditional one, and not dependent for its performance upon any contingency.

The plaintiff, a corporation, sued the defendant in the late court of common pleas of Ramsey county, upon the following instrument:

"$43.33. St. Paul, July 31, 1873.

"On or before December 1, 1875, for value received in one Williams combined reaper, I promise to pay to the order of the Williams Mower & Reaper Co., with current exchange on New York city, at the First National Bank in St. Paul, forty-three 33-100 dollars, with interest at twelve per cent. from date until paid, but if paid at or before maturity, seven per cent. per annum.

"This note to become due upon the removal of the maker, notwithstanding the above period of payment has not expired. The sale and purchase of said Williams combined reaper, the property for which this note is given, are upon the express condition that the title and ownership of said property shall remain in the said the Williams Mower & Reaper Co., and shall not pass to any one, by or through me, until this note and interest are paid in full; and the delivery thereof at this time is subject to the same condition. The said the Williams Mower & Reaper Co. shall, in the meantime, have the right to take possession of said property, wherever it may be found, at any time they may deem themselves insecure, even before the maturity of this note; and if not paid when due, I will pay five per cent. extra cost for collection.

"Daniel Armstrong."

A jury was waived, and the action tried before *Brill*, J., who found that in January, 1875, the instrument was, for a valuable consideration, sold and endorsed and delivered by the Williams Mower & Reaper Company to the plaintiff; that the consideration for the instrument was a combined reaper and mower sold and delivered by the company to the defendant, at the time it was given, and on the conditions therein mentioned; that at the time of the sale, and to induce the defendant to purchase, the company warranted and represented to the defendant that the machine was a good and perfect machine and would do good work, both as a reaper and mower, on defendant's farm in Washington county, and the defendant accepted and purchased it, relying on such

representation and warranty; that the machine was not a. good or perfect machine, and could not be used as a reaper, and could not be made to do good work as a reaper, and was worthless and of no value; but that the plaintiff had no knowledge of such warranty or of the character and quality of the machine, before its purchase of the instrument in suit.

As a conclusion of law the court held that the instrument. was not a negotiable promissory note, and ordered judgment for the defendant, which was entered, and the plaintiff appealed.

*E. S. Chittenden,* for appellant.

*Wm. J. Parsons,* for respondent.

CORNELL, J.—The promise upon which a recovery is sought. in this action, as upon a negotiable promissory note, forms but a part of the written instrument which was made and executed by the defendant as an entirety. In determining. the character and legal effect of such promise, regard must be had to the whole instrument and all its provisions, and not to the facts alone that the promise was put in the form of a negotiable promissory note, payable to order, and was. designated as a note in the instrument. Thus considered, it is obvious that the defendant's obligation was not such an independent, absolute and unconditional one, for the payment of a precise and definite sum of money at all events,. and without any contingency, as is essential to the validity of commercial paper. 1 Parsons Bills & Notes, 30, 42; Story Prom. Notes, § 22. It appears upon the face of the instrument that the defendant's obligation to the Williams. Mower and Reaper Company, the assignor of the plaintiff, was upon the sole condition and consideration that the reaper therein mentioned as belonging to the company, the possession of which was then conditionally delivered to him, should, by a proper transfer of title from the company, become his. absolute property, whenever and as soon as his said obliga-- tion was fulfilled in accordance with the terms of the con--

tract. It also expressly provided that the title and owner-ship of the reaper should remain in the company until full payment of the so-called note and interest, and that the delivery of the property at that time was subject to this con-dition, and to the right of the company to retake possession at any time it might deem itself insecure. Defendant's promise, therefore, was not an absolute and unconditional one to be kept in any event; for it depended upon the con-tingency of an observance by the company of the sole condi-tion on which it rested, that an absolute transfer of the property with good title would be made whenever the prom-ise was performed. The promise of payment and the im-plied obligation to transfer the title were mutual, and as each was the sole consideration for the other, and both were to be performed at the same time, they were concurrent conditions of the same agreement, in the nature of mutual conditions precedent, so that inability or refusal to perform the one would excuse performance as to the other. Benjamin on Sales, 451 and 480. If, prior to any default on the part of the defendant, the company had retaken possession of the property and disposed of it, so that upon the maturity of the defendant's obligation an observance of the condition on its part had become impossible, there can be no doubt that, under such circumstances, no action could have been main-tained against him upon his promise. An obligation of this character is altogether too uncertain to serve the purpose of commercial paper, as the representative of money in business transactions. It carries into the hands of every holder notice of the existence of a condition that may result in defeating any recovery upon it, and, therefore, cannot have accorded to it the privileges attaching to that kind of paper.

Judgment affirmed.

A motion for a reargument in this case was made and denied, April 14, 1879.