### John A. Lamb v. Thomas Story.

*Negotiability—Evidence explaining indorsement.*

The negotiability of a promissory note, made payable "on or before two years from date," is destroyed by a memorandum attached thereto providing that if paid within one year there shall be no interest.

In an action between original parties upon an instrument that is not negotiable, it is competent for the defendant to show the circumstances under which he had indorsed it to the plaintiff, if the evidence does not vary any positive legal agreement made by him.

Where a vendor of a chattel takes a note for the purchase price, in which he reserves the right to retake the chattel on default and retain what has been paid or collect the note, his assignment of the note by indorsement does not of itself assign this right, and in an action brought against him on the note by the indorsee, he can show all the facts connected with the indorsement to fix and determine its character and extent.

Error to St. Clair.   Submitted Jan. 21.   Decided Jan. 28.

ASSUMPSIT.   Defendant brings error.   Reversed.

*Wright & McCall* and *A. E. Chadwick* for plaintiff in error.   A memorandum attacted to a note and altering its terms is material: *Wait v. Pomeroy* 20 Mich. 425.

*Elliott E. Stevenson* and *O'Brien J. Atkinson*, for defendant in error, claimed that the instrument in suit was a promissory note: *Beardslee v. Horton* 3 Mich. 560; *Smith v. Kendall* 9 Mich. 241; *Wright v. Irwin* 33 Mich. 33; *Knight v. Jones* 21 Mich. 161; *Fairchild v. O. C. & R. R. Co.* 15 N. Y. 337; *Cota v. Buck* 7 Met. 588; *Hodges v. Shuler* 22 N. Y. 114; *Preston v. Whitney* 23 Mich. 264; *Newton Wagon Co. v. Dier* — Neb. — ; *Stewart v. First Nat. Bank* 40 Mich. 348; if a note is so drawn as to show how much will be due at maturity, it is certain enough: *Houghton v. Morrison* 29 Ill. 244; *Nickerson v. Sheldon* 33 Ill. 372.

MARSTON, C. J.   An instrument, a copy of which appears herewith,* was by Lamb traded off to Story for a horse.

---

*$150.00.                                    COLUMBUS, July 18th, 1877.
On or before two years after date, we promise to pay to John A. Lamb or order the sum of one hundred and fifty dollars value received, with ten per cent. interest and current rate of exchange or express charges.   This note is given for the purchase of the instrument mentioned below, which instrument is to remain the property of John A. Lamb, until the note is paid in full.   It being optional with John A. Lamb upon default of payment to take possession of said instrument or to collect the note by process of law.   And in case he shall take such instrument said John A. Lamb shall not be liable to refund any moneys heretofore paid by the purchaser thereof.   And said instrument shall not be removed from the township of Columbus without the consent of the said John A. Lamb.
                                                    DANIEL HICKEY.
                                                    SARAH HICKEY.
Style 16,   No. 52704 organ.
            Payable at Wales, Michigan.
                    P. O. Address, Memphis, Michigan.
If this note is paid within one year no interest to be paid.
                    [Endorsed on back]
        August 2d. 1877.
            Received on the within note $25.
                    Pay to Thomas Story.
                        JOHN A. LAMB.

Some sixteen days after the exchange and delivery of this instrument to Story, he requested Lamb to endorse it, and there is some dispute between the parties as to what then took place, as well as to the original agreement, under which Lamb claimed he had refused to endorse or to make himself in any way liable thereon, and he also claimed that he endorsed the same simply to enable Story to sue and collect the same in his own name.

It is now claimed that this instrument was not a negotiable promissory note, and that under the evidence the requests as to Lamb's liability in case the jury found he endorsed it solely to enable Story to collect, should have been given.

We are of opinion that the instrument sued upon cannot be considered a negotiable promissory note. While it is made payable on or before two years with ten per cent. interest, and is thus far definite and certain, yet the subsequent clause, that if paid within one year it shall not draw interest, destroys the element of certainty which otherwise would exist. No person until after the expiration of the first year, could with absolute certainty determine or ascertain the amount that would be paid in discharge thereof. The memorandum at the foot of this instrument is inconsistent with the promise made in the body, and in this respect it will be found to differ very materially from other cases decided in this court, and cited by defendant in error.

We are also of opinion that it was competent for Lamb to show the circumstances under which he placed his name on the back of this instrument. This not being a negotiable instrument, and the action being between the original parties, Lamb and Story, the facts could be shown, as they would not in our opinion vary or change any positive legal written agreement made by him. The position taken by him is not inconsistent with the endorsement made by him. This instrument [the note] is peculiar. It was given for the purchase price of an instrument [an organ], which had been and was to remain the property of Lamb, and he had authority to retake possession of the instrument and retain what had been paid thereon, or collect the so-called note at his option. This

right he did not in terms assign to Story, and this was not the case of a mere security accompanying a money obligation which would pass with an assignment or transfer of the latter. We are not called upon to say what Lamb's rights and power might be under such an instrument, but we have no doubt that he might show under such an endorsement all the facts in connection therewith, to fix and determine the character and extent thereof.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.