Edgerton, C. J.
The appellant brought an action in the Second Judicial District Court, for the county of Tanlcton, against the respondent as administrator of the estate of James M. Stone deceased, alleging the death of the said James M. Stone, and the appointment of the respondent as administrator, and further alleging that the said Stone, on July 12, 1879, made his promissory note whereby he promised to pay the Hayworth Fence Company, or bearer, one year after date,' the sum of two hundred dollars, with interest at 10 per cent., and if action be commenced thereon, attorney’s fees for collection; that plaintiff purchased the said note before due without notice.
The answer puts in issue, the negotiability of the instrument, alleges that the same was given without consideration, and that the same was obtained by means of certain false statements and representations of one McKewon, a person representing himself as the agent of the payee.
On January 20th, 1882, the cause was brought on for trial, and after the evidence was concluded upon both sides, the court among other matters charged the jury as follows:
“ It is a necessary quality of negotiable paper that it should be “ simple, certain and unconditional. And I instruct you that the “ note sued upon is not such a one as to exclude equities in the “ hands of third parties, if purchased before due.”
To the giving of said instructions the plaintiff excepted. The jury returned a verdict for the defendant, and judgment was entered against the plaintiff for the costs. From this judgment the plaintiff appeals to this court.
*180 The only question before us is whether the instrument sued upon is negotiable. The plaintiff, in the court below, sought a judgment not only for the amount of the note and interest, but also for the attorney’s fees for collecting the same. There was no amount named in the instrument as attorney’s fees, consequently it was necessary that the sum to be allowed for that service, if any, should be passed upon by the jury after competent proof of the value thereof. By the Code of this territory, no costs are taxed to the prevailing party, except mere disbursements which are denominated costs.
How far this question of embracing in a promissory note an additional contract, affects its negotiability, is not a new one in the courts of the different states.
The courts of Indiana, Kentucky, Iowa, Nebraska and Kansas, have decided that notwithstanding the additional contract, the note still remains negotiable. Yet in the most of these states— notably Indiana and Kentucky, this construction is more or less influenced by the peculiar laws of those states, in reference to negotiable instruments.
The appellant cites the case of Nickerson v. Sheldon, decided by the Supreme Court of Illinois, and reported in Yol. 33 of the reports of that state, page 373. The case is not a parallel one, nor does the reasoning of the court sustain the position of the appellant in this case.
The court says, <£ But it is objected that the note sued upon “ was not negotiable under the statute. This objection is predi- “ cated on this clause in the instrument.”
££ We further agree, that, if the above note is not paid without ££ suit, to pay ten dollars in addition to the above for attorney’s “ -fees.”
££ It is said this undertaking destroys the instrument as a “ promissory note, since it requires extrinsic evidence to show that *181 ££ the note was not paid without suit, and the case of Lowe v. Bliss et al, 24 Ill., 168, is referred to in support of the objections. In ££ that case, the note was for a sum of money payable at the Kan- “ kakee bank, Kankakee, Illinois, value received with current rate ££ of exchange on New Tork. This stipulation for current rate of “ exchange on New Tork, made the amount due by the note un- ££ certain, and so deprived it of its negotiability. But the amount “ due by this note is absolutely certain, and it possesses all the ££ requisites of a negotiable instrument under the statute. Stewart et al v. Smith, 28 Ill., 397. There is no uncertainty as to £l the precise sum of money to be paid on the maturity of the note. “ Houghton et al v. Francis, 29 id., 244. The plaintiff does not ££ declare for the ten dollars, nor was it allowed to him in the ££ assessment of damages. He recovered only the principal and ££ interest due upon the note.”
The Supreme Courts of Pennsylvania, Minnesota and Missouri, have decided that such notes as the one sued upon in this case, are not negotiable. In the case of Woods v. North, reported in 84 Pa. St. Reps., on page 410, where an action was brought on a note containing a provision for five per cent, collection fee, if not paid when due, the court says: “ But a collateral agreement as ££ here, depending too as it does upon its reasonableness, to be de- ££ termined by the verdict of a jury, is entirely different. It may ££ be well characterized, like an agreement to confess a judgment “ was by Chief Justice Gibson, as ££ luggage,” which negotiable “ paper, riding as it does on the wings of the wind, is not a courier ££ able to carry. If this collateral agreement may be introduced ££ with impunity, what may not be? It is the first step in the ££ wrong direction which costs. Those instruments may come to ££ be lumbered up with all sorts of stipulations, and all sorts of ££ difficulties, contentions and litigation result.”
In the case of Jones v. Radity, decided by the Supreme Court of Minnesota, and reported in Vol. 6, of N. W. Rep., page 800, *182 in a case very similar to the one at bar, the court say: “The “ instrument before us has .this certainty as to the $135 and the “ interest. But the whole instrument must be taken together. “ The promise to pay the $135 and interest is not the whole of the “ promise — not the entire obligation created. The entire promise “ and obligation is to pay absolutely that sum and interest, and in u a particular contingency, to-wit: the bringing suit by the payee “ after default, to pay a further amount not fixed and not capable “ of being ascertained from the instrument itself. The suggestion “ in some of the cases — Sperry v. Hoar, 32 Iowa, 184; Seaton v. Scovill, 18 Kan., 433 — that a stipulation to pay attorney’s fees “ in case of suit, relates merely to the remedy, is not sound. For the payee, if he recover on that part of the promise, must recover, “ not because he is obliged to bring suit, but because it is part of “ the contract and obligation of the maker, on which the suit is “ brought, that he will pay them upon the specified contingency-. “ Those cases, and Gear v. Louisville Banking Co., 10 Bush., 180, “ appear to advance the proposition that an instrument may be “ negotiable if the amount with which it may be discharged at “ maturity, be fixed and certain, even though the amount required “ to discharge it after it has passed maturity or recoverable upon “ it in an action, be entirely indefinite and uncertain. We think “ the certainty requisite to the negotiability of the instrument “ must continue until the obligation is discharged, and that any “ provision which before that time removes such certainty, pre- “ vents the instrument being negotiable at all. The stipulation “ in this instrument for payment of reasonable attorney’s fees “ introduced into the obligation an element of uncertainty, which “ prevented the instrument being a negotiable note. It was, there- “ fore, after its transfer to plaintiff, still subject to all defenses “ which the maker had as against the original payee.”
We believe that promissory notes, to be negotiable, must be unin-cumbered by collateral agreements to be determined by a jury, *183 the better rule, more in conformity to the common law and the weight of authority.
But independent of these conflicting decisions, and independent of the common law upon this question, the law of this territory provides, in the Civil Code under the title of “ Negotiable Instruments,” as follows-:
“ Section 1821: A negotiable instrument is a written promise “ or request for the payment of a certain sum of money to order “ or bearer in conformity to the provisions of this article.”
“ Section 1822: A negotiable instrument must be made pay- “ able in money only, and without any condition not certain of “ fulfillment.”
“ Section 1827: A negotiable instrument must not contain any “ other contract than such as is specified in this article.”
And again, in section 6 of the Civil Code, “ In this territory “ there is no common law in any case where the law is declared “ by the codes 5
In view of these express declarations in our Code as to negotiable instruments, we are of opinion that the charge of the Judge in the court below was correct. The judgment is
Affirmed.
All the Justices concur.