E. M. EDWARDS *vs.* W. W. RAMSEY and others.

December 16, 1882.

**Certain Contract held not to be a Promissory Note.**—A certain written contract for the payment of money considered, and *held* not to be a promissory note; following *Third Nat. Bank* v. *Armstrong*, 25 Minn. 530.

Appeal by plaintiff from a judgment of the district court for Lyon and Lincoln counties, *Cox*, J., presiding.

*Mathews & Andrews*, for appellant.

*Forbes & Seward*, for respondents.

GILFILLAN, C. J. The complaint, as a cause of action, alleges the execution by defendants of a promissory note, dated September 24, 1878, for the payment, to the order of Seymour, Sabin & Co., on December 1, 1878, of $150, with interest at the rate of 12 per cent. per annum, and the transfer of it to plaintiff. The answer denies each and every allegation in the complaint. The parties submitted the case to the court below, upon a stipulation that if the court held a certain contract competent evidence under the allegations of the complaint, plaintiff should have judgment; but if the court held it incompetent, defendants should have judgment. The court held the contract incompetent, and judgment for defendants was entered, from which plaintiff appeals. The question presented to this

court is the same as that submitted to the court below. The contract referred to in the stipulation is as follows:

"$150.                              LAKE BENTON, September 24, 1878.

"For value received, on or before the first day of December, 1878, I promise to pay to the order of Seymour, Sabin & Co. $150, at the office of Bank of Marshall, in Marshall, Minnesota, with interest at 12 per cent. per annum from date until maturity, and 12 per cent. per annum interest on the whole amount due upon said note at the maturity thereof until the same is paid. Agreed that there shall be a reduction of 5 per cent. per annum for payment on or before maturity; and if suit is commenced on this note, I agree to pay reasonable attorney's fees, and consent that the same shall be taxed as costs and entered up as part of the judgment. The express condition of the sale and purchase of the Minnesota Chief Separator, for which this note is given, is such that the title, ownership, or right of possession does not pass from the said Seymour, Sabin & Co. until this note and interest is paid in full; that the said Seymour, Sabin & Co. have full power to declare this note due and take possession of said machines at any time they may deem themselves insecure, even before the maturity of the note, and to sell said machines at public or private sale, the proceeds thereof to be applied upon the unpaid balance of the purchase price."

If this is not a promissory note of the effect alleged in the complaint, then it was not admissible to support the complaint.

In the *Third Nat. Bank* v. *Armstrong*, 25 Minn. 530, an instrument very nearly identical in its substantial provisions with the foregoing was under consideration, and the court said of it: "The defendant's [the maker's] obligation was not such an independent, absolute, and unconditional one, for the payment of a precise and definite sum of money at all events, and without any contingency, as is essential to the validity of commercial paper;" and it was held not to be a promissory note. We refer to the reasoning in the opinion as equally applicable to, and decisive as to, the character of the instrument in question.

Judgment affirmed.