THE CAYUGA COUNTY NATIONAL BANK OF AUBURN v. GEO. R. PURDY AND ELNATHAN GEORGE.

*Negotiability—Promissory notes.*

An instrument promising to pay a certain sum to order, with interest at seven per cent. if paid when due, and if not, at ten per cent. from date, and agreeing to pay exchange and all expenses of collection, including attorney's fee, is not a negotiable promissory note.

Error to Branch. (Pealer, J.) Jan. 7.—Jan. 21.

ASSUMPSIT. Defendants bring error. Reversed.

*John R. Champion* and *John B. Shipman* for appellants, cited as to provisions impairing negotiability, *Lamb v. Story* 45 Mich. 488 : 52 Mich. 525 ; *Myer v. Hart* 40 Mich. 517 ; *Vosburgh v. Lay* 45 Mich. 455 ; *First Nat. Bank v. Larsen* 60 Wis. 206 ; *Woods v. North* 84 Penn Stat. 407 ; *Jones v. Radatz* 27 Minn. 240 ; *Bank v. Trenton* 63 Mo. 38 ; *Hardin v. Olson* 14 Fed. Rep. 705 ; *Bank v. Bynum* 84 N. C. 24 ; *Maryland &c. v. Newman* 60 Md. 584 ; *Garretson v. Purdy* (Dakota) 14 N. W. Rep. 100.

*Barlow & Loveridge* for appellee, cited as to negotiability : *Smith v. Kendall* 9 Mich. 241 ; *Johnson v. Frisbie* 15 Mich. 286 ; *Bullock v. Taylor* 39 Mich. 137 ; *Zimmerman v. Anderson* 67 Penn. Stat. 421 ; Dan. Neg. Inst. (2d ed.) §§ 61, 62 ; 2 Pars. N. & B. 147 ; *Stoneman v. Pyle* 35 Ind. 103 ; *Houghton v. Francis* 29 Ill. 244 ; *Towne v. Rice* 122 Mass. 67 ; *Parker v. Plymell* 23 Kan. 402 ; *Hubbard v. Harrison* 38 Ind. 323 ; *Smith v Silvers* 32 Ind. 321.

CHAMPLIN, J. The only question to be determined in this case is whether the instrument offered in evidence is a negotiable promissory note. It reads as follows :

" $366.66.            COLDWATER, MICH., February 27, 1883.

On the 1st day of November, 1883, we, the undersigned, whose postoffice address is Algansee, county of Branch, and State of Mich., jointly and severally, for value received, promise to pay E. M. Birdsall & Company, or order, three

hundred sixty-six 66-100 dollars, with interest at 7 per cent. per annum, if paid when due ; if not so paid, then the interest shall be 10 per cent. per annum from date.    We also agree to pay exchange and all expenses, including attorney's fee, incurred in collecting, payable at the First National Bank, in Coldwater, Mich.

We do hereby relinquish and waive the benefits of all laws exempting real and personal property from levy and sale, and all benefit or relief from valuation and appraisement laws.

GEORGE R. PURDY.
ELNATHAN GEORGE."

There is some conflict of authority upon the subject, and it has been so fully discussed in the opinions advanced upon both sides of the question that we deem it unnecessary either to review the authorities, or to amplify upon the reasons given.    The weight of authority is clearly that such instruments do not possess the essential requisites of negotiable paper.

A promissory note is defined by Judge Story to be "a written engagement by one person to pay another person therein named, absolutely and unconditionally, a certain sum of money at a time specified therein."    The definition by all text-writers is essentially the same.    They are instruments which have long been recognized by commercial usage, and the rights and liabilities of the parties to them have become fixed by settled rules of law.    They perform important functions in the transaction of business, second only to money.    Any innovation, therefore, upon what has long been considered as settled law, in the form and substance of such contracts, must evidently tend to uncertainty as to the rights of makers and endorsers, and introduce confusion where stability is of the utmost consequence to the community.    The modern tendency to interpolate into such instruments engagements and stipulations not recognized by the law-merchant, affecting the certainty as to the amount due and payable thereon, or the time of maturity, or superadding duties to be performed by the maker, or additional obligations other than the payment of a sum certain at maturity, should be discountenanced, and held to destroy their negotiability, and deprive

them of the character of promissory notes, and they should be relegated to the domain of ordinary contracts. Otherwise, it is difficult to see where the line of distinction is to be drawn, and it may be apprehended that in a few years, as one clause after another is engrafted on to the original terms of such instruments, any contract payable to order, no matter how uncertain or cumbersome its provisions may be, will be held to be negotiable paper, and the holder entitled to all the benefits and protection of bona fide holders of commercial paper.

Our conclusions are that the instrument introduced in evidence in this suit is not a negotiable promissory note, and the plaintiff is not entitled to recover thereon as such. In what we have said we are not to be understood as expressing any opinion on the legal validity of the special clauses or stipulations added to this note, or any of them. It is enough for the purposes of the question now decided, that the parties have superadded to their note certain special stipulations which they must be understood to have relied upon as having validity; and if that was their understanding, they could not have meant that the contract should be a promissory note. We dispose of the case upon this manifest intent of the parties.

The judgment is reversed and a new trial granted.

The other Justices concurred.