ISAAC ALTMAN ET AL. v. FREDERICK RITTERSHOFER.

*Bills and notes—Stipulation for payment of attorney's fees—Negotiability.*

1. A written promise to pay a certain sum of money at a fixed date, " and attorney's fees," is not a promissory note.

.2. The certainty requisite to the negotiability of an instrument must continue until the obligation is discharged, and any provision which before that time removes such certainty prevents the instrument being negotiable at all.

Error to Bay. (Green, J.) Argued January 13, 1888. Decided January 19, 1888.

Assumpsit. Plaintiffs bring error. Affirmed. The facts :are stated in the opinion.

*Simonson, Gillett & Courtwright,* for appellants.

*T. A. E. & J. C. Weadock,* for defendant.

LONG, J. It is conceded that, unless the written instrument upon which suit is brought is a negotiable promissory note, the plaintiffs cannot recover. It reads as follows:

" $130. BAY CITY, MICHIGAN, October 17, 1885.

" Six months after date I promise to pay to the order of M. Cohn one hundred and thirty dollars, at the Bay National Bank of Bay City, Mich., for value received, without any relief whatever from valuation or appraisement laws; with eight per cent. interest from date until paid, and attorney's fees. FREDERICK RITTERSHOFER."

The instrument is indorsed " M. Cohn."

A promissory note is an unconditional written promise, ·signed by the maker, to pay absolutely and at all events a sum certain in money, either to the bearer, or to a person therein designated or his order.

The only question upon the negotiability of this instrument is whether the words "and attorney's fees" added thereto render the *sum* to be paid *uncertain*.

This precise question has been passed upon by the courts of many of our sister states, and we are aware that there is much conflict of opinion upon the point; some of the courts holding that the stipulation to pay attorney fees relates merely to the remedy, and that an instrument may be negotiable if the amount with which it may be discharged at maturity be fixed and certain, even though the amount required to discharge it after it has passed maturity, or recoverable upon it in an action, be entirely indefinite and uncertain. *Sperry v. Horr*, 32 Iowa, 184; *Seaton v. Scovill*, 18 Kan. 433; *Gaar v. Banking Co.*, 11 Bush, 180; *Stoneman v. Pyle*, 35 Ind. 104.

Courts of some of the other states have held to the same doctrine. In the case of *Jones v. Radatz*, 27 Minn. 240 (6 N. W. Rep. 800), the supreme court of Minnesota held the following not a negotiable promissory note:

"$135.                    St. Paul, September 7, 1878.

"Three months after date we, or either of us, promise to pay to H. K. White & Co., or bearer, $135, payable at the Second National Bank of St. Paul, Minnesota, for value received, with 12 per cent. interest per annum from date, and reasonable attorney's fees, if suit be instituted for the collection of this note.

(Signed)              "_____.''

Chief Justice Gilfillan, in this case, said:

"The instrument before us has this certainty as to the $135, and the interest. But the whole instrument must be taken together. The promise to pay the $135 and interest is not the whole of the promise,—not the entire obligation created. The entire promise and obligation is to pay absolutely that sum and interest, and in a particular contingency, to wit, the bringing suit by the payee after default, to pay a further amount not fixed, and not capable of being ascertained from the instrument itself."

And, in speaking of the suggestions in some of the cases that a stipulation to pay attorney's fees in case of suit relates merely to the remedy, he says:

"For the payee, if he recover on that part of the promise, must recover, not because he is obliged to bring suit, but because it is part of the contract and obligation of the maker, on which the suit is brought, that he will pay them upon the specified contingency."

The supreme court of Pennsylvania, in the case of *Woods v. North*, 84 Penn. St. 407, held the following instrument not to be a negotiable promissory note:

"$377.        HUNTINGDON, PENNSYLVANIA, May 5, 1875.

"Sixty days after date I promise to pay to the order of W. H. Woods, at the Union Bank of Huntingdon, three hundred and seventy-seven dollars, and five per cent. collection fee if not paid when due, without defalcation, value received.
                                        "SAMUEL STEFFEY."
Indorsement, "W. H. Woods."

In this case Justice Sharswood said:

"In the paper now in question there enters, as to the amount, an undoubted element of uncertainty.      *      *      *
If this collateral agreement may be introduced with impunity, what may not be? It is the first step in the wrong-direction which costs. These instruments may come to be lumbered up with all sorts of stipulations, and all sorts of difficulties, contentions, and litigation result."

In *Cayuga Bank v. Purdy*, 56 Mich. 6 (22 N. W. Rep. 93), this Court held the following not a negotiable promissory note:

"366.66.        COLDWATER, MICHIGAN, February 27, 1883.

"On the first day of November, 1883, we, the undersigned, whose post-office address is Algansee, county of Branch, and State of Michigan, jointly and severally, for value received, promise to pay E. M. Birdsall & Company, or order, three hundred sixty-six 66-100 dollars, with interest at seven per cent. per annum, if paid when due; if not so paid, then the interest shall be ten per cent. per annum from date. We also agree to pay exchange and all expenses, including attorney's fee, incurred in collecting, payable at the First National

Bank in Coldwater, Mich. We do hereby relinquish and waive the benefits of all laws exempting real and personal property from levy and sale, and all benefit or relief from valuation and appraisement laws.

"GEORGE R. PURDY.
"ELNATHAN GEORGE."

Mr. Justice CHAMPLIN in this case says:

"The modern tendency to interpolate into such instruments engagements and stipulations not recognized by the law merchant, affecting the certainty as to the amount due and payable thereon, or the time of maturity, * * * should be discountenanced, and held to destroy their negotiability, and deprive them of the character of promissory notes, and they should be relegated to the domain of ordinary contracts."

We see no good reason to depart from this principle. We think the certainty requisite to the negotiability of the instrument must continue until the obligation is discharged, and that any provision which before that time removes such certainty prevents the instrument being negotiable at all. *First Nat'l Bank v. Bynum*, 84 N. C. 24 (37 Amer. Rep. 605); *Maryland, etc., Co. v. Newman*, 60 Md. 584 (45 Amer. Rep. 750); *Garretson v. Purdy*, 3 Dak. 178 (14 N. W. Rep. 100); *Stevens v. Johnson*, 28 Minn. 172 (9 N. W. Rep. 677). These cases and many others which we have examined uphold this principle.

I have carefully examined the authorities cited in plaintiffs' brief, and note the argument made by plaintiffs' counsel in the brief, but cannot accede to the doctrine for which they contend. The better reasoning, in my judgment, holds such instruments non-negotiable. The direction of the court to the jury to return a verdict for defendant was correct.

Judgment is affirmed, with costs.

The other Justices concurred.