ACIEL F. WRIGHT v. EDGAR W. TRAVER AND ELBRIDGE TRAVER.

*Bills and notes—Stipulation for payment of attorney fees—Condition—Negotiability of paper.*

1. An agreement for the payment of $100 at a given date, with 6 per cent. interest, and also 10 per cent. attorney fees, is in effect an agreement to pay 16 per cent. interest, and the provision as to the payment of attorney fees is void. *Bullock v. Taylor,* 39 Mich. 137; *Altman v. Fowler,* 70 Id. 57.

2. A statement in a promissory note of the property for which it was given, standing alone, will not destroy its negotiability; but the addition of a condition that, if not paid when due, the property named shall belong to the payee, converts the instrument into a contract.

Error to Gratiot. (Hart, J.) Submitted on briefs January 18, 1889. Decided January 25, 1889.

*Assumpsit.* Defendants bring error. Reversed. The facts are stated in the opinion.

*C. J. Willett,* for appellants.

*James K. Wright* and *L. T. Wright,* for plaintiff.

[The points of counsel are stated in the opinion.—REPORTER.]

MORSE, J.    The plaintiff offered in evidence the following instrument:

"$100.00.          ST. LOUIS, MICHIGAN, Feb'ry 4, 1884.

"On or before the first day of February, 1885, for value received, the undersigned promise to pay A. J. Mowry, or order, at Harrington, Saviers & Co. bank, for machine, and for the right of Grant's Pat. Hoop Machine, one hundred dollars, with interest at six per cent. per annum from date until due, without relief from valuation or appraisement laws, and with ten per cent. att'y fees.    The conditions of this note are, if not paid when due, the property for which it is given shall be the property of A. J. Mowry.          E. W. TRAVER & Co."

On the back of said note are indorsed the following words:

"Pay to the order of A. F. Wright without recourse.
                                        "A. J. MOWRY."

The only question in the case is whether or not this is a promissory note.    The court below ruled that it was, and admitted it as such in evidence.    In support of this ruling, it is argued that it answers perfectly the requirements of a promissory note; that it is a written engagement to pay absolutely and unconditionally a certain sum of money at a certain time specified therein.    It is contended that the clause as to the payment of attorney's fee does not alter its character as a note, because the amount of such fee is certain, and the payment unconditional.

It is claimed that the case is not covered by *Cayuga, etc., Bank v. Purdy,* 56 Mich. 6 (22 N. W. Rep. 93), *Altman v. Rittershofer,* 68 Id. 287 (36 N. W. Rep. 74), or *Altman v. Fowler,* 70 Id. 57 (37 N. W. Rep. 708). In the first case the instrument contained an agreement to pay exchange and all expenses, "including attorney fees incurred in collecting." In the other two the agreement was to pay attorney fees, without naming any

amount or per cent. In all three there was an agreement to pay, in addition to the amount of the so-called note, a sum not fixed and uncertain, for attorney fees.

In the case at bar the attorney fee is to be a certain per cent. upon the amount due, and in terms to be paid when the note is due without any contingency. But there is a condition attached that, if the note is not paid when due, the property for which it is given shall be the property of the payee, A. J. Mowry, and the body of the instrument names the property for which it is given in payment. This appears to us to destroy its character as a promissory note, and reduces it to a mere contract. The strict reading of the instrument would import that, when it falls due, the maker is to pay the $100, with 6 per cent. interest, and also 10 per cent. as attorney fee, being in effect the same as 16 per cent. interest. The provision as to payment of attorney fees is void. *Bullock v. Taylor*, 39 Mich. 137.

Nothing is said about the payment of any interest after due, and it would seem, from a strict construction of the contract, that the maker had his option to pay $100, with 16 per cent., on or, before February 1, 1885, or to return the property. The property belongs to A. J. Mowry if the payment is not made, as above specified, before that date, and there is no provision looking towards payment or collection of the $100 after February 1, 1885.

I think with Mr. Justice CHAMPLIN, as stated in *Bank v. Purdy*, 56 Mich. 7, that—

"The modern tendency to interpolate into such instruments engagements and stipulations not recognized by the law-merchant, affecting the certainty as to the amount due and payable thereon, or the time of maturity, or superadding duties to be performed by the maker, or additional obligations other than the payment of a sum certain at maturity, should be discountenanced, and held

to destroy their negotiability, and deprive them of the character of promissory notes, and they should be relegated to the domain of ordinary contracts."

The instrument before us has more the appearance of a contract of sale, with the title reserved in the property to the seller until paid for, than it has of a promissory note. The naming of the property for which it was given, standing alone, does not hurt it as a promissory note. *Preston v. Whitney*, 23 Mich. 260. But coupled with the clause, "The *conditions* of this note are, if not paid when due, the property for which it is given shall be property of A. J. Mowry," it has the effect to render the instrument a contract, and not a promissory note. No one can tell from the reading of this instrument whether the payment therein mentioned is certain and unconditional or not. This condition seems to provide, as before said, an option in the purchaser. It may be said that this could not have been the intent of the parties to the instrument, that the purchaser should have the use of the property for one year free of charge; but it may also be said, on the other hand, that the maker could not have intended that, if he failed to pay on or before the day therein named, he should lose the property, and also have the payment of the whole sum enforced against him. The instrument is uncertain, and capable of two constructions as to its terms. The court erred in calling it a promissory note.

The plaintiff having recovered in the court below upon this instrument, it being admitted in evidence under the common counts and a notice as a negotiable promissory note, against objection and exception, the judgment of the court below must be reversed, and a new trial granted.

The other Justices concurred.