## HEGELER v. COMSTOCK.

1.   The term "negotiable instrument" has a definite signification in the law
      merchant, and the meaning of the term has not been changed by the
      Code.   A negotiable instrument is one that is simple, certain and un-
      conditional.
2.   Certainty as to the payer and payee, the amount to be paid, and the terms
      of payment, is an essential quality of a negotiable promissory note, and
      that certainty must continue until the obligation is discharged.
3.   The following is a copy of a note *held* to be non-negotiable:   "On or be-
      fore the 1st day of December, 1884, for value received, I or we, the under-
      signed, living 5 miles of Howard P. O., county of Miner, Territory of
      Dakota, promise to pay Marsh Binder Manufacturing Company or or-
      der one hundred dollars, at the Miner County Bank, in Howard, with
      interest from date until paid at the rate of ten per cent per annum,
      eight per cent if paid when due.   The indorsers, signers, and guar-
      antors severally waive presentment for payment, protest and notice of
      protest, and notice of non-payment of this note, and diligence in bring-
      ing suit against any party to this note, and securities agree that time of
      payment may be extended without notice or other consent.   EDWIN W.
      COMSTOCK."

(Syllabus by the court. Submitted Feb. 7, 1890. Opinion filed May 12, 1890.)

Appeal from district court, Miner county; Hon. BARTLETT TRIPP, Judge.

Action upon two promissory notes. Judgment for defendant. Plaintiff appeals. Affirmed.

The facts are fully stated in the opinion.

*D. D. Holdredge* for appellant.

The plaintiff having taken the notes in suit as collateral security for a debt contracted at the same time he took them, and the debt being contracted on the faith of these notes as collateral security, is a *bona fide* holder. Daniels Neg. Inst. § 824; Goodman v. Simonds, 20 How. U. S. 343; Oates v. Bank, 10 Otto 239; Railroad v. Bank, 12 Otto, 14.

The presence of the clause in the notes in suit, "with interest from date until paid at the rate of ten per cent per annum, eight per cent if paid when due," does not render them non-negotiable. 1 Daniels Neg; Inst. 57; Parsons v. Jackson, 99 U. S. 440; Ackley School District v. Hall, 113 U. S. 135; 1 Daniels Neg. Inst. §§ 43-44; Comp. Laws, §§ 2605-4456-4457.

*Gottlieb Engel* for respondent.

The notes in suit are non negotiable. Comp. Laws, §§ 4456-4457-4462; Jones v. Rodatz, 6 N. W. 800. Lamb v. Storey, 8 N. W. 87; Garretson v. Purdy, 3 Dak. 178; Wood v. North, 184 Pa. St. 410; Smith et al v. Van Blarcom, 8 N. W. 90. Morgan v. Edwards, 11 N. W. 21; Storey v. Lamb, 18 N. W. 248; Bank v. Purdy, 22 N. W. 93; Bank v. Wheeler, 42 N. W. 963.

Could it be conceded that the notes in suit were transferred to the plaintiff at the same time the debt was contracted then he would be a *bona fide* holder, but this is not the fact as the debt was contracted before the transfer. In order for the plaintiff to be considered a *bona fide* holder there must have been an additional consideration besides the precedent debt. Bank v. Bentley, 6 N. W. 422; Coddington v. Bay, 20 Johns Ch. 637; Rosa v. Brothieson, 10 Wend. 85; Slather v. McDonald, 6 Hill, 93; Webster v. Steinbough, 46 Barb. 211.

BENNETT, J. This is an action brought by the plaintiff and

appellant against the defendant and respondent upon two promissory notes. The following is a copy of said notes: "On or before the 1st day of December, 1884, for value received, I or we, the undersigned, living 5 miles of Howard P. O., county of Miner, Territory of Dakota, promise to pay to Marsh Binder Manufacturing Company or order, one hundred dollars, at the Miner County Bank, in Howard, with interest from date until paid at the rate of ten per cent per annum, eight per cent if paid when due. The indorsers, signers, and guarantors severally waive presentment for payment, protest and notice of protest, and notice of non-payment of this note, and diligence in bringing suit against any party to this note, and sureties agree that time of payment may be extended without notice or other consent. EDWIN W. COMSTOCK." Upon the trial the cause was submitted to the court, sitting as a jury, upon the following agreed statement of facts: "(1) That on the 18th day of August, 1883, the defendant, Edwin W. Comstock, made, executed, and delivered to the Marsh Binder Manufacturing Company or order his two certain promissory notes of $100 each. A copy of said notes are set out in the complaint hereto attached. (2) That said notes were given in part payment for a machine. That said machine was warranted by said company, and that said Comstock purchased said machine on the faith of said warranty, and the consideration for said notes wholly failed. That the said defendant had a good and sufficient defense to said notes in the original parties' hands. (3) That on the 9th day of November, 1883, the Marsh Binder Manufacturing Company borrowed of the plaintiff, E. C. Hegeler, the sum of $22,500. That to secure the payment of said sum of money so borrowed the said company, on the 9th day of November, 1883, the same day the said sum was so borrowed, transferred to the plaintiff, E. C. Hegeler, a large number of notes, amounting to about $30,000, and among the notes so transferred were the above described notes. (4) That said notes were so transferred as above stated before they were due, and that the plaintiff had no notice of any defense to the same, but received them in perfect good faith. (5) That at the time of the transfer above

mentioned, the Marsh Binder Manufacturing Company properly indorsed said notes to the plaintiff. (6) That at the commencement of this action several thousand dollars of the $22,-500 borrowed by the Marsh Binder Manufacturing Company of the plaintiff, E. C. Hegeler, as before stated, and for which the above-described notes were taken as security, was still unpaid (7) That at the commencement of this action the said notes were the property of the plaintiff, due and unpaid. (8) That at the commencement of this action, to-wit, February 11, 1888, there was due on both of the above described notes the sum of $290.80." The following were the stipulations entered into by the parties as to the legal questions involved in said action, to-wit: (1) Whether the plaintiff, under the above statement was a *bona fide* holder. (2) Whether said notes are negotiable instruments so as to cut off in the hands of said plaintiff, procured by him as above stated, all defenses that might have been set up and proven between the original parties to the notes." Upon the hearing the court found the following conclusions of law: "(1) That said notes are not negotiable instruments, and that said defendant is entitled to prove any defense to said notes that he could have proven in an action between the original parties to said instruments; (2) that the defendant has a good and valid defense against said notes, and to the whole thereof, and is entitled to a judgment of dismissal of plaintiff's action, and for costs,—and rendered a judgment dismissing the plaintiff's complaint, and that the defendant recover of said plaintiff the costs and disbursements of this action." Whereupon the plaintiff perfects his appeal, and makes the following assignment of errors: "(1) The court erred in finding that said notes were not negotiable. (2) The court erred in finding that the defendant is entitled to prove any defense to said notes that he could have proven in an action between the original parties to said instruments. (3) The court erred in finding that the plaintiff, under the statement and stipulation of the parties, was not a *bona fide* holder. (4) The court erred in finding that the defendant has a good and valid defense against said notes, and that defendant is entitled to a dismissal

of plaintiff's action.    (5)    The judgment is erroneous and against law."

By stipulation of the parties, and the assignment of errors the only legal questions involved in this action are these:  *First.* Are the written instruments sued upon negotiable notes?  *Second.*  Is the plaintiff a *bona fide* holder of the same?  It is claimed that the following clause renders these notes non-negotiable:  "With interest from date until paid, at the rate of ten per cent, eight per cent if paid when due."

1.  Are said instruments negotiable?  The statutes of Dakota, independent of the common law and decisions of the state courts, define negotiable instruments and settle their ingredients.  We quote from the Compiled Laws:  "Sec. 4456.  A negotiable instrument is a written promise or request for the payment of a certain sum of money to order, or bearer, in conformity to the provisions of this article.  Sec. 4457.  A negotiable instrument must be made payable in money only, and without any condition not certain of fulfillment. Sec. 4462. "A negotiable instrument must not contain any other contract than such as is specified in this article."  The term "negotiable instrument" has a definite signification in the law merchant, and the meaning of the term has not been changed by the Code.  The prinpal importance which is to be attached to the question of negotiability arises from the rule of law which subjects all non-negotiable bills and notes to any equities which may exist between prior parties, even when they are transferred before due to a *bona fide* purchaser for value.  A negotiable instrument is one that is simple, certain, and unconditional.  Lord ELLEN-BOROUGH, in Smith v. Nightingale, 2 Starkie, 375, held that an instrument wherein the promise "to pay J. S. the sum of sixty-five pounds, with lawful interest for the same, and all other sums which should be due him," was not a promissory note. Byles, Bills, 147.  Lord KENYON, in Carlos v. Fancourt, 5 Term R. 485, observed:  "It would perplex the commercial transactions of mankind, if paper securities of this kind were issued out into the world incumbered with conditions and contingencies, and if the persons to whom they were offered in ne-

gotiation were obliged to inquire when these uncertain events would probably be reduced to a certainty." In Ayery v. Fearnsides, 4 Mees, & W. 168, PARKE, B., held that the words "and all fines according to rule" destroy the negotiability. In Thompson v. Sloan, 23 Wend. 71, the court held that a promise to pay a certain sum in Canada money is not negotiable. In the case of Jones v. Radatz, 6 N. W. Rep. 800, the supreme court of Minnesota held the following not a negotiable promissory note: "$135. P. O. St. Paul, County of Ramsey, State of Minnesota, September 7, 1878. Three months after date we, or either of us, promise to pay to H. K. White & Co: or bearer $135, payable at the Second National Bank of St. Paul, Minnesota, for value received, with 12 per cent interest per annum from date, and reasonable attorney's fees, if suit be instituted for the collection of this note. ————." Chief Justice GILFILLAN, in this case, said: "The instrument before us has this certainty as to the $135 and the interest. But the whole instrument must be taken together. The promise to pay the $135, and interest, is not the whole of the promise, not the entire obligation created. The entire promise and obligation is to pay absolutely that sum, and interest, and in a particular contingency, to-wit, the bringing suit by the payee after default, to pay a further amount not fixed, and not capable of being ascertained from the instrument itself." The supreme court of Pennsylvania, in the case of Woods v. North, 84 Pa. St. 407, held the following instrument to be a non negotiable promissory note: "$377. Huntington, Pa., May 5th, 1875. Sixty days after date I promise to pay to the order of W. H. Woods, at the Union Bank of Huntington, three hundred and seventy seven dollars, and five per cent collection fee, if not paid when due, without defalcation, value received. SAMUEL STEFFEY. Indorsed: W. H. WOODS." In this case Justice SHARSWOOD said: "In the paper now in question there enters, as to the amount, an undoubted element of uncertainty. * * * If this collateral agreement may be introduced with impunity, what may not be? It is the first step in the wrong direction which costs. These instruments may come to be lumbered up with all sorts

of stipulations, and all sorts of difficulti $\cdot$ s, contentions, and litigation result." In Bank v. Purdy, 56 Mich. 6, 22 N. W. Rep. 93. the supreme court decided that the following was not a negotiable promissory note: "$366.66. Coldwater, Mich., Feb. 27, 1883. On the 1st day of November, 1883, we, the undersigned, whose postoffice address is Algansee, County of Branch, and State of Michigan, jointly and severally, for value received, promise to pay E. M. Birdsall & Company or order three hundred and sixty six 66-100 dollars, with interest at seven per cent per annum if paid when due; if not so paid, then the interest shall be ten per cent per annum from date. We also agree to pay exchange and all expenses, including attorney's fee incurred in collecting, payable at the First National bank in Coldwater, Mich. We do hereby relinquish and waive the benefit of all laws exempting real and personal property from levy and sale, and all benefit or relief from valuation and appraisement laws. GEORGE R. PURDY. ELNATHAN GEORGE. Mr. Justice CHAMPLIN, in this case, says: "The modern tendency to interpolate into such instruments engagements and stipulations not recognized by the law merchant, affecting the certainty as to the amount due and payable thereon, or the time of maturity * * * should be discountenanced and held to destroy their negotiability and deprive them of the character of promissory notes, and they should be relegated to the domain of ordinary contracts." In the case of Altman v. Rittershofer, 36 N. W. Rep. 74, 68 Mich. 287, the note before the court was as follows: "130. Bay City, Michigan, October 17, 1885. Six months after date I promise to pay to the order of M. Cohn one hundred and thirty dollars, at the Bay National Bank of Bay City, Michigan, for value received. without any relief whatever from valuation or appraisement laws, with eight per cent interest from date until paid, and attorney fees. FREDERICK RITTERSHOFER. Indorsed: M. COHN." Mr. Justice LONG, in delivering the opinion, says: "A promissory note is an unconditional written promise, signed by the maker, to pay absolutely and at all events a sum certain in money, either to the bearer, or to a person therein designated, or his

order. The only question upon the negotiability of this instrument is whether the words 'and attorney fees,' added thereto, renders the sum to be paid uncertain. * * * The better reasoning, in my judgment, holds such instruments non-negotiable." In Bank v. Taylor, 25 N. W. Rep. 810, the instrument sued on was as follows: "$40.00. Coon Rapids, Iowa, 5–4–1881. On the twenty-fifth day of December, 1881, for value received, I promise to pay J. W. Stoddard or bearer forty dollars, with interest at ten per cent, payable annually from date until paid, and ten per cent is to be added to the amount if this note remains unpaid after maturity, and is collected by suit. For the consideration mentioned above, the undersigned hereby sells and conveys to J. W. Stoddard the following property: One Triumph Drill No. ——, upon condition, however, that if this note and mortgage shall be paid on or before the maturity thereof, then this mortgage to be void, otherwise in full force; and it is further agreed that in case of failure to pay the amount due thereon at maturity, or whenever the holder hereof may deem himself insecure, then he may take said property by virtue of this mortgage, and sell the same at public auction as by law provided; the proceeds of said sale, after deducting all expenses, to be applied on this note and mortgage, the residue, if any, to be returned to the undersigned." Justice REED, of the supreme court of Iowa, in deciding the case, says: "The question presented is whether [this] instrument [is] negotiable. Certainty as to the payer and payee, the amount to be paid, and the time of payment, is an essential quality of a negotiable promissory note. The first provision of the instruments in suit is an undertaking by the maker to pay to the person named as payee, or to bearer, a specified sum of money, with interest thereon, at a certain date. This provision, standing alone, contains all the elements of negotiability. If the instruments are not negotiable, then it is because the undertaking of the maker is qualified, and some element of uncertainty in these respects is created by the subsequent provision. By this subsequent provision of the contract a mortgage of certain personal

property for the security of the debt, evidenced by the preceding provision, is created. It does not by any express terms modify the undertaking of the maker in the preceding provision, either as to the amount which is to be paid, the time of payment, or the person to whom it is to be made. But it is intended that as it confers upon the payee or the holder of the instrument the right to take possession of the mortgaged property and, as is claimed, sell it, even before the maturity of the debt, and apply the proceeds in satisfaction thereof, it has the effect to render the instrument uncertain as to the amount which may be recovered upon it at maturity. * * * In determining the effect of the instruments both conditions must be considered, and when they are considered together we think that while they empower the holder to take possession of the mortgaged property before the maturity of the debt, if he deemed himself insecure, they did not empower him to sell it until after its maturity. * * * The debt evidenced by the instruments was not subject to be diminished before its maturity, and there is no uncertainty as to the amount to be recovered thereon at maturity. The fact that by these terms a mortgage is created by which the debt is secured, and under which payment in whole or in part may be enforced after maturity, does not, in our opinion, effect the question whether or not the instruments are negotiable. They possess all the elements of negotiability. In the case of Bank v. Wheeler, 42 N. W. Rep. 963, the instrument sued on was as follows: "$150. Richmond, Ind., July 22, 1886. On or before the 1st day of November, 1887, the subscribers, of Alamo post office, Kalamazoo county, State of Michigan, jointly and severally promise to pay to the Incorporated Company of Gaar, Scott & Co., or order, one hundred and fifty dollars, payable at Kalamazoo National Bank with seven per cent interest from date, and ten per cent after date, and five per cent attorney's fees, without relief from homestead, valuation or appraisement laws, for value received. The makers and indorsers of this note hereby severally waive presentment for payment, protest and notice of protest, and non-payment; and the payee or holder of this note

may renew or extend the time of payment of the same from time to time, as often as required, without notice and without prejudice to the rights of such payee or holder to enforce payment against the makers, sureties, and endorsers, and each of them, parties hereto, at any time when the same may be due and payable." The instrument called a "note," and the chattel mortgage given to secure the payment of the same, were assigned to the plaintiffs before the time of payment named therein. They were shown to be innocent purchasers for value, in the regular course of business. The court held the instrument to be not a negotiable promissory note, and cited the following cases as authority: Lamb v. Story, 45 Mich. 488; Bank v. Purdy, 56 Mich. 6, 22 N. W. Rep. 93; Bank v. Carson, 60 Mich. 432, 27 N. W. Rep. 587; Altman v. Rittershofer, 36 N. W. Rep. 74, 68 Mich. 287; Altman v. Fowler, 37 N. W. Rep. 708,—and that the same defenses were therefore open to defendant as if suit had been brought by Gaar, Scott & Co. In Lamb v. Story, 45 Mich. 488, 8 N. W. Rep. 87, the action was founded on an instrument payable on or before two years, with interest at ten per cent, and contained a clause that if paid within one year it would not draw interest. The court says: "We are of opinion that the instrument sued upon cannot be considered a negotiable promissory note. While it is made payable on or before two years, with ten per cent interest, and is thus far definite and certain, yet the subsequent clause, that, if paid within one year, it shall not draw interest, destroys the element of certainty which otherwise would exist." In Bank v. Bynum, 84 N. C. 24, the counsel fees and expenses of collection were promised, but were left uncertain, and the time of payment, which is also important, was left to the option of the payees. There the note was held non-negotiable. In Bank v. Larsen, 60 Wis. 206, 19 N. W. Rep. 67, it is decided squarely for the defendant that a provision for the payment of 10 per cent attorney's fees for collection destroys the negotiability of the note; and this decision is placed upon the authority of the opinion of Mr. Justice SHARSWOOD, in Woods v. North, 84 Pa. St. 407, and of Manufacturing Co. v. Newman, 60 Md. 584.

A promissory note, or note of hand, as it is often called, is an open promise in writing by one person to pay another person, or to his order or bearer, a specified sum of money, absolutely and at all events. 1 Daniel, Neg. Inst. § 28. "In order to fulfill the definition given, the paper must carry its full history on its face, and embrace the following requisites: *First*, it must be open; that is, unsealed; *second*, the engagement to pay must be certain; *third*, the fact of payment must be certain; *fourth*, the amount to be paid must be certain; *fifth*, the medium of payment must be money; *sixth*, the contract must be only for the payment of money; and *seventh*, it is essential to the operation of the instrument that it should be delivered." Id. § 30. To constitute an instrument negotiable as a promissory note, the maker's liability must be absolute and unconditioned for the payment of a definite sum of money. Bank v. Taylor, (Iowa,) 25 N. W. Rep. 810; Merchant's Nat. Bank v. Chicago, etc., Co., 25 Fed. Rep. 809; Hall v. Toby, (Pa.) 1 At. Rep. 369; McComas v. Haas, (Ind.) 8 N. E. Rep. 579; Bank v. Carson, (Mich.) 27 N. W. Rep. 589; Grimison v. Russel, (Neb.) 16 N. W. Rep. 819; Edwards v. Ramsey, (Minn.) 14 N. W. Rep. 272; Smith v. Marland, (Iowa,) 13 N. W. Rep. 852; Miller v. Poage, (Iowa,) 8 N. W. Rep. 799; Bank v. Armstrong, 25 Minn. 530. Judge BREWER, of the United States circuit court for the eastern district of Missouri, in the case of Hughitt v. Johnson, reported in 28 Fed. Rep. 865, held that a note otherwise negotiable is rendered non-negotiable by this stipulation in it, viz., a promise to pay "with interest and exchange," and says: "This stipulation renders uncertain the amount to be paid at the maturity of the paper. It is interest and exchange, and what that exchange will be no one can tell."

By a careful review of these cases it seems that the basis of the decision is that of uncertainty in the amount to be recovered. In most of them, if not all. it is not sufficient that the amount necessary to liquidate the note on the day when due is certain, and can be determined, but that certainty must continue till the obligation is discharged. In the case of Jones v. Radatz, above cited, the court uses the following language, viz:

"We think the certainty requisite to the negotiability of the instrument must continue until the obligation is discharged, and that any provision which before that time removes such certainty prevents the instrument being negotiable at all." The same principle is enunciated by the supreme court of Michigan in the case of Lamb v. Storey, 8 N. W. Rep. 87. The supreme court of the Territory of Dakota, in Garretson v. Purdy, 3 Dak. 178, 14 N. W. Rep. 100, arrived at the same conclusion, not only on account of the uncertainty of such an instrument, but also on account of the lack of the simplicity required by our statute law in relation to negotiable instruments. Applying the principles above cited, are the instruments in question, sufficiently simple, certain, and unconditional to constitute them negotiable under the statutes? Are they certain as to intent? The rate of interest is not only uncertain, but depends upon the contingency of prompt or not prompt payment. The instruments must be construed either as meaning—*First*, that they shall bear 10 per cent interest, but if paid promptly when due, only 8 per cent; *second*, that they shall bear 8 per cent interest, but if not paid promptly when due, 10 per cent. There is no certainty until after due as to the amount that will discharge the instruments, the amount depending upon the fact whether paid then or not. This element of uncertainty, not conforming to one of the essential requisites of a negotiable instrument, renders them non-negotiable. Our Code has defined a negotiable instrument to be a written promise or request for the payment of a certain sum of money to order or bearer, made payable in money only, and without any condition not certain of fulfillment, and it must contain no other contract. The design of the statute is to keep negotiable promissory notes clearly confined within the limits of such paper as required by the law merchant, and allowing no outside agreement or collateral understandings to enter into the main promise. Otherwise these instruments may be lumbered up with all sorts of stipulations which do not properly belong to promissory notes, but to written contracts. Taking both facts into consideration, we must hold the instrument upon which this action was founded

as non-negotiable, and the judgment of the court below is af-
firmed.

KELLAM, J.   I concur in the decision of this case because
the predecessor of this court, in Garretson v. Purdy, 3 Dak.
178, 14 N. W. Rep. 100, adopted a principle and rule which is
probably controlling as to the negotiability of the instrument
before us.  If the question were a new one in this court, I should
dissent from the doctrine that the certainty as to the amount
represented by a promissory note must be a certainty, continu-
ing until the obligation is discharged, either by payment or by
the statute of limitations.    So far as negotiability means the
quality of being transferable by delivery, freed from adverse
equities,—and as a rule that is now the practical difference be-
tween negotiable and non-negotiable paper—that quality is lost
in passing the line of maturity.   The immunity which comes
with and attends negotiability is withdrawn the moment the in-
strument crosses the threshold of dishonor.   If certainty is re-
quired as a condition of negotiability, I can see no good reason
for holding that the certainty must be one which will still exist
after the instrument has lost all the incidents and advantages of
negotiability.   I believe that if the amount of money which the
instrument represents at its maturity, and which will then be
required to discharge it, is plainly apparent on its face, it is all
the certainty, in that respect, contemplated by the rule of the
law merchant or by our Code, defining negotiable instruments.
and that the courts ought so to hold.   I concur in the decision
of this case only under the rule of *stare decisis*.